THROGMORTON *v.* DAVIS and WIFE.

<span>3b 383<br>145 290</span>

In an action of slander by a husband and wife, the declaration must not conclude
to the damage of the wife only, but to the damage of the husband and wife.

ERROR to the *Franklin* Circuit Court.                       *Tuesday,*
*June 3.*
BLACKFORD, J.—This was an action of slander brought by
*Asa Davis* and *Susanna* his wife, against *Joseph Throgmorton.*
The words, for which the action was brought, are charged in
the declaration to have been spoken by *Throgmorton* concern-
ing the wife of *Davis.*  The declaration concludes as follows:—
"By means of the committing of the said several grievances by
the said *Throgmorton*, she the said *Susanna* is greatly injured
in her good name, fame, credit, and reputation, amongst her
neighbors, and hath sustained damages to the amount of 1,000
dollars, therefore they sue," &c.  The defendant pleaded the
general issue and the statute of limitations.  Verdict and judg-
ment for the plaintiffs.

May Term,
1834.

This judgment cannot be supported. The action is brought by the husband and wife for a personal wrong to the wife; and the declaration should have concluded to their damage, and not to the damage only of the wife. It has been decided, that if, in cases like the present, the declaration conclude to the damage of the husband, instead of to the damage of the husband and wife, the conclusion is wrong, and the objection may be made in arrest of judgment. *Newton et ux.* v. *Hatter*, 2 Ld. Raym. 1208. The reason of this is, that the damages will survive to the wife, if the husband die before they are received. 1 Selw. N. P. 232. If that be the law, it follows, *a fortiori*, that where, as in the present case, the action is by the husband and wife for the slander of the wife, and the declaration concludes to the damages of the wife alone, the judgment for the plaintiffs must be erroneous. *Davis* may, at any time during his life, receive the damages recovered in this action; and, should he survive his wife and die without receiving them, they could be received by his personal representatives. The declaration should have alleged the damages to have been sustained by *Davis* as well as by his wife. That is not done, and the judgment for the plaintiffs must consequently be reversed.

*Per Curiam.*—The judgment is reversed with costs.

O. H. *Smith*, for the plaintiff.

G. H. *Dunn* and J. *Test*, jun. for the defendants.