### Collis *v.* Bowen and Wife.

Trover by husband and wife. *Held*, that the declarations of the wife's mother who had been the former wife of the defendant, as to the ownership of the property in dispute, which declarations were made while the mother was the guardian of her daughter and had possession of the property, and before her marriage with the defendant, were not evidence for the plaintiffs.

Where the record does not show the evidence in the cause, and an instruction given to the jury would, under a certain state of facts, be correct, this Court cannot say that the instruction is erroneous.

If goods given at one place be, at the time of the gift, in another place, and be afterwards converted by a stranger before the donee can take possession of them, an action by the donee will lie for the conversion.

If in trover there have been a demand and refusal of the goods within six years before the bringing of the suit, and there be no other evidence of conversion than the demand and refusal, the statute of limitations will not bar the action.

If husband and wife sue for a battery or slander of the wife, or in trover for a conversion of the wife's goods before the marriage, the declaration must conclude to the damage of both plaintiffs.

ERROR to the *Delaware* Circuit Court.

DEWEY, J.—This was an action of trover by husband and wife. The declaration alleges the possession and ownership of certain property to have been in the wife while sole, and its conversion by the defendant before the marriage of the plaintiffs, and concludes to the damage of the husband only. Pleas, the general issue, and the statute of limitations. Verdict for the plaintiffs; motion in arrest of judgment overruled; and final judgment on the verdict.

The plaintiffs offered in evidence the declarations of the wife's mother, who had been the former wife of the defendant, " as to the ownership of the property" in dispute; which declarations were made while the mother was the guardian of her daughter, and had possession of the property, and before her intermarriage with the defendant. The evidence was objected to but admitted. The admission of this evidence was erroneous. The declarations of the wife's mother, " as to the ownership of the property" in dispute, were purely hearsay evidence and inadmissible. The circumstances that she was the guardian of her daughter (one of the plaintiffs), and had possession of the property when the declarations were made, have no bearing on the question. And the fact that she subsequently became the wife of the defendant, if entitled to any weight, is unfavourable to the admission of the evidence.

The Court charged the jury, that a verbal gift of personal property, without delivery of possession, would not enable the donee to maintain trover against the donor; but would enable him to maintain trover against a mere wrongdoer, who had converted the property to his own use. It is contended that the latter part of the instruction was erroneous. The evidence in this cause is not spread upon the record; and as the donee of personal property who has never had actual possession of it, may, under a certain state of facts, maintain trover for the conversion of it against a wrongdoer, we cannot say the instruction was erroneous. If goods given at one place are, at the time of the gift, in another place, and are converted by a stranger before the donee can take possession of them, an action by the donee lies for the conversion. 2 Saund. 47 a, n. 1, and n. d. For aught that

Nov. Term,
1846.

COLLIS
v.
BOWEN.

*Thursday,*
*December 3.*

appears such might have been the facts in this case, and if so the instruction was right. We do not mean to say, however, that the donee of a chattel which remains in the possession of the donor, may not have such a special interest in it, as to entitle him to maintain trover for its conversion against a wrongdoer. On that question we do not decide.

The Court also charged the jury, that a demand of the property by the plaintiffs and a refusal by the defendant to deliver it, within six years before the commencement of the action, would take the case out of the statute of limitations. It is contended that this instruction was wrong; but we cannot say so. In trover, when there have been a demand and refusal within six years before the bringing of the suit, and there has been no other evidence of conversion than the demand and refusal, the statute of limitations does not bar the action. *Montague* v. *Sandwich*, 7 Mod. 99. See, also, *Topham* v. *Braddick*, 1 Taunt. 572.—*Philpott* v. *Kelley*, 3 A. & E. 106. 4 N. & M. 611. The facts of the case might have justified this charge, and we are bound to presume they did.

We think the Circuit Court erred in overruling the motion in arrest of judgment. In an action by husband and wife for a battery committed on the wife, as the damages would survive to her in the event of the death of the husband, the declaration must conclude to the damage of both plaintiffs; and if it conclude to the damage of the husband only, the defect is fatal on motion in arrest of judgment. *Newton et ux.* v. *Hatter*, 2 Ld. Raym. 1208. So in slander by husband and wife for the slander of the wife, the same conclusion is necessary to obtain a judgment on a verdict in their favour. *Throgmorton* v. *Davis et ux.* 3 Blackf. 383. For a conversion of the wife's property before marriage, the action survives to her. Com. Dig. Baron and Feme, V. We are unable to distinguish in principle, so far as the point under consideration (the conclusion of the declaration) is concerned, between actions for the personal injury of the wife, and actions for the conversion of her property. If the survivorship to her of the damages in the one class of cases, be a good reason why the declaration by husband and wife must conclude to their joint damage, it must also be a good reason for

the same conclusion in the other class of cases. The declaration in the record is fatally defective for not concluding to the damage of both plaintiffs, even after verdict.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. J. Sample* and *W. March*, for the plaintiff.

*D. Kilgore*, for the defendants.