## John S. Peacock vs. George W. Pembroke, Garn. of John B. Russell, and John A. Clarke.

A husband and wife sold the maiden real estate of the latter, and the bonds or notes for the purchase money were made payable to the wife. Held, that these bonds or notes were *choses in action* liable to attachment by the husband's creditors to satisfy debts due by him.

No rule is better established, than that, at common law, personal property accruing to the wife during coverture, including *choses in action,* vests in the husband.

Appeal from the Circuit Court for St. Mary's county.

This was an *attachment,* issued on the 29th of October 1850, at the instance of the appellant, upon a judgment, of which he was the assignee, recovered in St. Mary's county court in March 1848, by the State against Russell, as principal, and the appellant, as sureties. The attachment was, on the 20th of November 1850, laid in the hands of Pembroke, who appeared and pleaded thereto:—1st, *nul tiel record.* (Upon this plea the court gave judgment for the plaintiff.) And 2nd, *nulla bona* of Russell in his hands.

*Exception.* At the trial of the issue upon the plea of *nulla bona,* the plaintiff proved that Pembroke admitted that he had purchased from Russell and wife the latter's interest in a piece of land, and executed his bonds for the same, upon which he still owed about $200; that the land sold was the maiden land of the wife, and the notes were drawn payable to her, and that the attachment in this case was for a debt due from the husband, Russell, to the plaintiff. The defendant, upon this evidence, asked the instruction set out in the opinion of this court, which the court below, (Crain, J.,) granted. To this ruling the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before Le Grand, C. J., Mason and Tuck, J.

*B. T. B. Worthington* for the appellant.

1st. The debt attached in the hands of Pembroke was the property of Russell, the husband, and therefore liable to this proceeding in behalf of his creditor. A note payable to the wife, is as much the property of the husband as if payable to him alone. 1 *Chitty's Pl.*, 30. *Roper on Husband and Wife*, 22 *Law Lib.*, 212, 213. 14 *Conn.*, 99, *Morgan vs. Thames Bank.* 8 *Mass.*, 229, *Shuttlesworth vs. Noyes.* 5 *Greenlf.*, 417, *Templeton vs. Cram.* 6 *H. & J.*, 31, *State vs. Krebs.*

2nd. The fact that the consideration of the notes or bonds was the purchase money of land which had belonged to the wife before marriage, does not affect the husband's absolute property thereto, or its liability to his creditors. The conversion into personalty was completed. 2 *Md. Rep.*, 297, *Newcomer vs. Orem.* 2 *Md. Ch. Decisions*, 366, *Manship vs. Evitts.* 6 *H. & J.*, 31, *State vs. Krebs.* 15 *Conn.*, 587. 7 *Watts and Seargt.*, 238.

No counsel appeared for the appellees.

MASON, J., delivered the opinion of this court.

Upon an attachment issued out of St. Mary's county court against Russell, the defendant in the present action, and which was laid in the hands of Pembroke, as garnishee, the latter pleaded *nul tiel record* and *nulla bona.* Judgment was rendered in favor of the plaintiff upon the issue in the plea of *nul tiel record*, and upon the trial of the issue in the plea of *nulla bona*, it was disclosed in evidence that the garnishee admitted his indebtedness for a balance due on land which he had purchased from Russell and wife, but that the land which he had purchased was the land of Mrs. Russell previous to her marriage, and that the notes or bonds were drawn payable to her. The debt upon which the attachment issued was a debt due by the husband.

Upon this evidence the defendant prayed the court to instruct the jury, "that if they find that the garnishee, Pembroke, had purchased from Russell and wife the maiden land of the wife, and that the notes for the payment of the same

were in her name, and that the debt for the recovery of which this action was brought, was due by Russell, the husband, alone, then the plaintiff is not entitled to recover." This prayer the court granted, and we are now called on to inquire into the correctness of this decision of the court below.

We think the principles involved in this case have been fully settled by this court, in the case of the *State vs. Krebs*, 6 *H. & J.*, 31, to say nothing of other cases and treatises upon the subject which might be cited.

The present case we regard as a clearer one even than that of the *State vs. Krebs*. Here the mutation of the estate from real to personal, resulted from the act of the wife or *feme covert* herself, while in the other it resulted from the operation of a proceeding under a statute, over which she could exercise no control.

In the case of the *State vs. Krebs*, the court use this plain language: "We think that the mutation of her estate from real to personal, may be determined to be complete when the sale is ratified by the court, and when the purchaser has complied with the terms of it, by paying the money, if for cash, or by giving bonds if the sale is on credit. The bond passed to the wife by the purchaser is a *chose in action*, liable to be sued for and recovered by the husband at his pleasure." The court further adds: "Let the law be considered as settled, that the husband may sue in his own name for money situated as this is, and it seems to follow, necessarily, that it may be attached by the husband's creditors to satisfy a debt due by him."

The case from which we cite was like this, an attachment sued out for a debt due by the husband, and laid upon credits arising from the sale of realty belonging to the wife, and is therefore directly in point.

will be observed that no question of survivorship arises case. It is a case of a *chose in action* accruing to the uring coverture, and no rule is better established than t common law, personal property accruing to the wife ring coverture, including *choses in action*, vests in the hus-

band, on the principle that husband and wife are but one in law, and her existence, in legal contemplation, is merged in his.

In addition to the authority already cited, we refer in support of the views we have expressed to the following cases: *Newcomer vs. Orem*, 2 *Md. Rep.*, 297. *Shuttlesworth vs. Noyes*, 8 *Mass.*, 229. *The Fourth Ecclesiastical Society in Middletown, vs. Mather*, 15 *Conn.*, 587.

We reverse the judgment and remand the case.

*Judgment reversed and procedendo awarded.*