(Decided 30th June, 1881.)

---

JONATHAN NEWCOMER and ANN C., his Wife *vs.* ANTHONY KEAN.

*Pleading—Action by Husband and Wife for Slanderous Words spoken of Wife—Defective Conclusion to the Declaration—Motion in Arrest of Judgment—Clerical Mistake.*

An action for slanderous words spoken of a wife must be brought by the husband and wife jointly; and the claim for damages must be made in behalf of them, as plaintiffs.

A declaration in an action for slanderous words spoken of the wife brought by the husband and wife concluded, " to the great damage of the plff., and the plaintiff claims $10,000 damages." The verdict being for the plaintiffs, the defendant moved in arrest of judgment. HELD:

That the motion should not prevail, as the word "plaintiff" for "plaintiffs" was a mere clerical mistake in the pleader.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING, RITCHIE, and MAGRUDER, J.

*James E. Ellegood,* for the appellants.

*A. Hunter Boyd* and *William Walsh,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action by husband and wife, for *slanderous words* spoken *of the wife.* The words laid in the declaration are actionable *per se,* and it was necessary therefore that both should join in the suit.

The wife could not sue alone, because of her disability as *feme covert,* and because the husband is entitled to the judgment. Nor could the husband sue alone, because the foundation of the action is the injury to the wife, and his rights are therefore secondary only and derivative through the marital relation, and should he die before payment of the judgment, the wife would be entitled to it by the right of survivorship.

For the same reasons the claim to damages must be made in behalf of the plaintiffs, the husband and wife.

In 1 *Chitty on Pleading,* 83, the author says:

"When an injury is committed to the person of the wife during coverture, by battery, slander, &c., the wife cannot sue alone in any case, and the husband and wife must join if the action be brought for the personal suffering or injury to the wife; and in such a case the declaration ought to conclude to their damage and not to that of the husband alone, for the damages will survive to the wife if the husband die before they are recovered."

The text of the author is fully sustained by the decided cases. It was upon this ground, that in *Newton & Wife vs. Haller,* 2 *Lord Raymond,* 120, where the suit was brought by husband and wife for a battery of the wife, and the declaration concluded to the damage of the husband, instead of damages to both, the judgment was arrested after verdict. And in *Throgmorton vs. Davis & Wife,* 3 *Blackf.,* 383, where suit was brought by husband

and wife for slanderous words spoken of the wife, the judgment was arrested, because the claim to damages in the declaration was made in the name of wife.

If then, the claim to damages in this declaration had been made in the name of either the husband or wife alone, it might be contended, that it was fatally defective on motion in arrest of judgment. But such is not the claim made in the declaration now before us. It does not conclude as in Newton and wife, by claiming damages for *the husband,* nor as in *Throgmorton vs. Davis & Wife,* is the claim made in the name *of the wife.* Where the claim is thus made in behalf of one of the plaintiffs to the exclusion of the other, the declaration is bad, because each has an interest in the judgment.

Here, however, the conclusion is "to the great damage of the plaintiff, and the plaintiff claims $10,000 damages."

The suit is brought in the name of the husband and wife, and the original declaration as filed contained two counts, and the conclusion was, "And the plaintiffs claim $10,000 damages." This was the proper conclusion. The defendant joined issue upon the first count, and demurred to the second. Afterwards, the plaintiffs filed nine additional counts, and an amended second count, and the conclusion to the amended declaration is " to the great damage of the *plaintiff,* and the *plaintiff claims,*" &c. Now, looking to the whole record, the original and amended declaration, it is evident, we think, that the word "*plaintiff*" instead of "*plaintiffs,*" is a mere clerical mistake in the pleader, the omission of a letter *s.* *Clerical misprisions* are construed to be not only mistakes of the *clerk in Court,* but such slips in writing, as *a clerk* of the party might make. The suit was brought by the husband and wife, to recover damages, and both of them had an interest in the judgment. It is plain, the pleader meant to claim damages for both, and the word plaintiff was inadvertently written for plaintiffs.

The case was tried before a jury on its merits, and every legal intendment ought to be made in support of the verdict. To arrest the judgment in this case, because the word *plaintiff* was written by mistake for the word *plaintiffs*, would be technical indeed, and inconsistent with the broad and liberal spirit, with which Courts now-a-days deal with objections of this kind.

· For these reasons, the judgment of the Court below, on the motion in arrest of judgment is reversed, and the cause remanded to the end, that judgment shall be entered for the plaintiffs in accordance with the verdict.

> *Judgment reversed, and*
> *cause remanded.*

· (Decided 1st July, 1881.)


GRASON and ALVEY, J. dissented, and the latter filed the following dissenting opinion.

I do not concur in the mode adopted of disposing of the question raised on the motion in arrest made in this case. The question is certainly exceedingly narrow and technical; but as long as we have in force a technical system of special pleading, we must observe the rules and technicalities of that system. Otherwise there would be no certainty in the administration of the law. And however much a Judge may regret the defeat of an action, and it may be of a right, by means of a technical defect, yet, if the defect or omission objected to be of a character not to be cured by the statutes of jeofails or amendments, he has no alternative but to allow the objection to prevail. He is not justified in overcoming the objection by straining language beyond its natural and ordinary import, and forcing upon it a meaning that the words employed utterly fail to express. Nor can he supply material words to make up for the omissions of the pleader.

Newcomer and Wife *vs.* Kean.

In this case it is not questioned but that the action was required to be brought in the names of the husband and wife *jointly* and that the declaration should have concluded to *their* damage, and not to that of either the husband or the wife alone. The reason of this requirement is, that the right of survivorship exists, if the death of either plaintiff should occur before the judgment be paid. 1 *Chitty Pl.*, 83. And it is well settled that the failure either to join husband and wife in the action, in a case like the present, or to conclude the declaration to the damage of both plaintiffs, is fatal on motion in arrest of judgment. *Newton vs. Hatter*, 2 *Ld. Raym.*, 1208.

The conclusion of the declaration in this case is, "to the great damage of the *pl'ff, and the plaintiff claims* $10,000 damages." Now, upon this claim of damage, it was altogether uncertain for whom the judgment should be entered,—whether for the husband or the wife,—the natural import of the language employed laying the damage to, and making claim for, only a simple plaintiff. If, in laying this claim, it was supposed that the damage recovered would enure to the *exclusive* benefit of either the wife or the husband severally, and it was with that view that the singular form was adopted, such claim would be fatally defective on motion in arrest, according to the case of *Newton vs. Hatter, supra.* And the very uncertainty of what was intended by the pleader in this respect, as well as the failure to lay the damage to both of the plaintiffs, rendered the defect available to the defendant on motion in arrest.

In my opinion, however, the defect, notwithstanding it was subject to motion in arrest, could have been reached and corrected by the power of amendment, even after verdict, and motion in arrest entered, if application had been made for that purpose.

The Code, Art. 75, sec. 23, provides, that "any amendment may be made at any time before the jury retire to make up their verdict, *in cases of jury trial,* and in cases of

demurrer *and other trials before the Court,* at any time before judgment is entered." The defect in the present declaration was in no manner involved in the issue framed, or the matter of fact to be tried by the jury ; and hence was not required to be amended before the jury retired. The motion in arrest asked that the judgment for the plaintiff be arrested or withheld, on the ground of an error apparent on the face of the record, which vitiated the proceedings. This raised a question exclusively for the Court, and made a case of trial by the Court, to determine the sufficiency of the record upon which to enter judgment, and that before judgment entered; and this brings the case within the express provision of the Code. Any other construction would defeat one of the main objects of the statute, which was to allow the record to be amended at any time, while in the control of the Court, and before judgment actually entered, in order to reach and accomplish the justice of the case.

. The statute thus fairly construed, is substantially as comprehensive as the 222nd section of the English Common Law Procedure Act of 1852, which provided that " all such amendments as may be necessary for the purpose of determining, *in the existing suit,* the real question in controversy between the parties, shall be so made if duly applied for."

In the case of *Wilkinson vs. Sharland,* 11 *Exch.,* 33, arising under the Act just referred to, the declaration in assumpsit, for freight, omitted the words, in the commencement, "for money payable." The defendant pleaded, never indebted, and the case was tried and a verdict found for the plaintiff. A motion was then made in arrest of judgment, for the defect in the declaration. This motion was overruled and judgment entered for the plaintiff. Whereupon the defendant sued out a writ of error, and served it upon the plaintiff. During the pendency of the writ of error, the plaintiff moved to amend ; and the Court

Newcomer and Wife *vs.* Kean.

of Exchequer seems to have had no doubt or difficulty whatever in allowing the amendment to be made, and thus superseded the writ of error.     Baron PARKE, in delivering the opinion of the Court, said "I think that we ought to extend the power of amendment as far as we reasonably can, in order to prevent parties from being tripped up by technical objections."

But apart from the provision of the Code, to which I have referred, I think there can be no doubt of the power of the Court to allow amendment of a defect like the one in the case before us, after verdict, and after motion in arrest made.

In the case of *Cooper vs. Spencer*, 1 *Str.*, 641, there was an omission of the *similiter* after a replication *de injuria sua propria*, concluding to the country.   The case was tried and a verdict entered for the plaintiff.   The defendant moved in arrest of judgment for the defect in- pleading. Motion was then made for leave to amend.   This was resisted upon the ground that the defect was not mere matter of form, which would be cured by the Statute of Jeofails; for the defendant was not bound to join issue, but might demur; and the Court held that the defect was amendable, and therefore arrested the judgment.   But in the case of *Sayer vs. Pocock*, *Cowp.*, 407, before Lord MANS-FIELD and his associates, there was an omission of a *similiter* after a replication, and the verdict being for the plaintiff, there was a motion in arrest for the defect; but before this motion was ruled upon, there was a motion for leave to amend, and this latter motion was allowed, and the rule for arresting the judgment discharged.

I think, therefore, instead of resisting the motion in arrest for a plain defect, by relying upon construction and intendment not warranted by the language employed, the plaintiff should have applied to amend; but failing to make such application, the Court below could not have done otherwise than arrest the judgment.

Unit. Ger. Bk., use of Clendinen, *et al.*, Receivers *vs.* Katz.

It would doubtless be much better, as a safe-guard against the snares and pitfalls of the technicalties of special pleading, that no objection should be allowed on motion in arrest that could be availed of by demurrer, and that no point or question should be raised on demurrer in the appellate Court, that was not distinctly made and presented in the Court below. With such simple restriction, accompanied with ample power of amendment, justice would be subserved, and full and complete remedy afforded in all such cases as the present, without expense or delay.