1823.

Dorsey
vs
Smithson

---

## DORSEY vs. SMITHSON.

JUNE.

APPEAL from *Harford* county court. An action of *replevin* was brought by the appellee against the appellant, and the following case was stated for the opinion of the court. The property replevied was part of the property contained in a bill of sale from *E. Smithson* to the plaintiff, (now appellee,) dated the 12th day of March 1817, executed by her, she being then the owner of said property, and acknowledged on the same day before a justice of

A bill of sale of personal property executed and acknowledged, but not recorded, is void as to creditors, if made to their injury; but is binding on the donor, her executors, administrators and assigns, and all claiming under her or them, both at common law, and under the act of as-

sembly of 1729, *ch.* 3, *s.* 6.
The executor of the donor has no right to the goods and chattels mentioned in the bill of sale. He is estopped to allege that the deed is in fraud of creditors; and the property is not assets in his hands, and as executor he is not accountable for it.
If the bill of sale is fraudulent to creditors, the donee is chargeable to them to the full extent of the property transferred, as executor *de son tort* of the donor.
There may be a rightful executor, and an executor *de son tort* of the same person, and at the same time.

the peace, but not recorded as the act of assembly directs; it was made for the consideration of love and affection to the plaintiff, he being her nephew, and not with an intention of defrauding her creditors. All the property remained in the hands of the vendor, from the date of the bill of sale till her decease, except a negro man named *Jim*, who was delivered by her to the plaintiff at the time the bill of sale was executed in the name of the whole, and remained in the plaintiff's possession from that time. *Thomas Ayres* obtained a judgment against *E. Smithson*, at August term of *Harford* county court 1817, for the sum of $1782; which action was on the trial docket at the preceding March term, the month and year when the bill of sale was executed, and which action was called up for trial on the day before or after the date of the bill of sale, and then continued. The said judgment was rendered against *E. Smithson*, as the executrix of her former husband, upon whose estate she had taken out letters testamentary, and she gave bond, with the plaintiff and defendant in this cause as her sureties, for the payment of all debts and legacies due from the estate of her husband. The defendant in this cause paid $400 of the judgment of *Ayres* for *E. Smithson*, on the 20th of March 1818, and is now a creditor of her estate to that amount, she having died on the 20th of June 1818. By her last will and testament, dated on the 19th of June 1818, amongst other things, she bequeathed as follows, viz. "I give and bequeath unto my niece, *Elizabeth Dorsey*, all and singular the personal estate or property of every kind and description which I shall be possessed or own at my death, excepting all the right I now or then may have in negro slaves, to her the said *Elizabeth Dorsey*, her heirs and assigns, for ever," &c. and appointed the defendant her executor. *Elizabeth Dorsey*, the devisee and legatee in said will, is the wife of the defendant, the executor. The defendant took out letters testamentary on the 30th of July 1818, and took possession of the property replevied in this suit, and has assets in hand sufficient to pay the debts due from her estate, exclusive of the property contained in the bill of sale. There was no agreement between *E. Smithson*, and the plaintiff, that the bill of sale should be inoperative at any time after it was executed, or that she should hold the property in her own right. The county

court gave judgment *pro forma* for the plaintiff, and the defendant appealed to this court.

The cause was argued before BUCHANAN, EARLE, MARTIN, DORSEY, and STEPHEN, J.

*R. Johnson*, for the appellant, contended, that the judgment ought to be reversed—1. Because notwithstanding there were assets sufficient to pay the debts of *E. Smithson*, yet at the time the suit was brought, the appellant, as her executor, had a right to the possession of the property in controversy, until he ascertained whether there was a sufficiency of assets. 2. Because he was a creditor, and as against him the bill of sale was absolutely void, and he had a right as creditor to look to this property as the means of satisfying his debt, though there was other property sufficient. He referred to the act of 1729, *ch.* 8, *s.* 5, and *Smith vs. Williamson*, 1 *Harr. & Johns.* 147.

*Murray*, for the appellee, cited 3 *Bac. Ab.* tit. *Fraud*, (C) 314, and the act of 1729, *ch.* 8, *s.* 6.

The opinion of the court was delivered by
EARLE, J. The bill of sale, which gave rise to the dispute between the parties in this cause, was executed and acknowledged before a justice of the peace, but was not recorded as the act of assembly directs.

It is void as to creditors, if made to their injury, but it is binding on the donor, her executors, administrators and assigns, and all claiming under her or them, both at common law, and under the act of assembly of 1729, *ch.* 8, *s.* 6. Being an obligatory instrument on the donor, and those claiming under her, the appellant, as her executor, has no right to the goods and chattels mentioned therein, nor is there any legal excuse for his possessing himself of them even for a time. He is estopped to allege that the deed is in fraud of the creditors, and there being no other ground on which he can contend for the property with the donee, *William Smithson*, the same is not assets in his hands, and he, as executor, is not accountable for it. The responsibility of an executor must depend on the means the law places in his power, to possess himself of the property he is to hold *in auter droit*, and where he is not armed with authority to take possession of any specified chattel, he is not answerable for it. The goods and chattels in dispute

1823.

Dorsey
vs
Smithson

not being assets belonging to the personal estate of Elea-nor Smithson, it necessarily follows, that the appellant, as her executor, is without a legal excuse for attempting to possess himself of them, even for a limited ti me He could only do so for the purpose of administration, and they were clearly not objects to be administered on by him. If the bill of sale under consideration is fraudulent to creditors; William Smithson, the appellee, is chargeable to them, to the full extent of the articles transferred, as executor de son tort of Eleanor Smithson. Any or all of her creditors may sue him, as executor, in his own wrong, and secure their debts by executions on the property. And no reason appears to the court; why the appellant himself, if he is a prejudiced creditor, may not sue in this charac-ter, and recover his debt of Smithson, the appellee. His being the rightful executor will not obstruct his action, for there are many instances, and if fraud exists in this, it is one of them, where there may be a rightful executor; and an executor de son tort, of the same person, at the same time. See 3 Bac. Ab. tit. Executors & Administrators, (B) 22. The appellant also claims the right to possess himself of the property mentioned in the bill of sale, be-cause he is a creditor of his testatrix, the deceased Mrs. Smithson. This is not allowable to him more than to any other creditor. It is not for a creditor to carve for him-self and seize on his debtor's property wherever it is to be found; but he must resort for redress, when his right is withheld from him, to his action at law. Neither can the appellant defend his possession of the disputed property as a creditor, against this replevin, on the score of fraud in the donor. But if it were conceded to him to be a le-gal defence, yet it would not avail in this cause. For it is distinctly admitted, in the case stated, that the donor executed the bill of sale upon a lawful consideration, and without an intention to defraud her creditors, and that at her death, she left estate sufficient to pay all her debts, ex-clusive of the property transferred by that instrument.

In every view we have taken of the decision of the court below, we approve of it, and therefore we affirm their judg-ment.

                                        JUDGMENT AFFIRMED.