(Decided 3d March, 1871.)

---

# EDWARD G. LEITCH, JR., vs. HENRY W. OWINGS.

*Construction of the Act of 1868, ch. 173, exempting the Property of a Boarder from Distress for rent.*

The property of a boarder or sojourner in a boarding house, which is exempted from distress for rent by the Act of 1868, chapter 173, is the property belonging to, and in the personal use of, the boarder or his family, and not such property, though owned by him, as is in general use by the household.

APPEAL from the Superior Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

*Exception:* The Superior Court gave the following instruction to the jury:

That by the true construction of the Act of 1868, chapter 173, the goods of a boarder or sojourner in a boarding house, which are, by that Act, protected from distress, are the goods of such boarder, belonging to him and in his own personal use, and not the furniture or other goods in the common use of the other boarders; and if the jury shall find from the evidence that the goods distrained upon constituted the general furniture of the house, or a part of it, in the common use of all the boarders, then they are not protected from distress, though they may find that the said goods belonged to the said plaintiff, and that he was a boarder in the house at the time of the distress.

The avowee excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*R. W. Baldwin* and *A. C. Trippe,* for the appellant.

The Act of 1868, chapter 173, does not say goods and chattels or baggage, but "all the property of any boarder," &c. The law was enacted, not for the benefit of the landlord, but for the benefit of the boarder, and for his benefit it should be construed. *Cross vs. Tome,* 14 *Md.,* 257.

The letter of the statute is the first and fundamental guide in interpreting it. *Scaggs vs. Balt. & Wash. R. R. Co.,* 10 *Md.,* 268–277; *Alexander vs. Worthington,* 5 *Md.,* 471; *Craddock vs. Riddlesburger,* 2 *Dana,* 205.

The goods claimed by the appellant were his by a *bona fide* bill of sale, executed and recorded before Mrs. Leitch entered on the premises; and the recording was notice to the appellee

of their ownership being in another than his tenant. *Williams, et al. vs. Brooks, et al.,* 11 *Md.,* 198.

*Levin Gale,* for the appellee,

Referred to the case of *Milburn vs. The State,* 1 *Md.,* 17, in support of the correctness of the instruction given by the Court.

ROBINSON, J., delivered the opinion of the Court.

This was an action of *replevin* instituted by the appellant against the appellee, who avowed the taking of the goods for rent in arrear for certain premises demised by him to one Matilda Leitch.

From the evidence, it appears that the tenant, Matilda Leitch, kept a boarding house on the premises, and by a bill of sale duly executed and recorded, conveyed the goods taken under the distress warrant, to the appellant, her son, who, together with his family, boarded with her. The goods however seized under the distress, consisted of furniture in general use by the whole household, and not the furniture used by the appellant or his family as boarders, for his or their exclusive use, and the question is, whether the goods thus taken were liable to be distrained, or were exempt under the provisions of the Act of 1868, chapter 173.

The Act in question provides that " the following property shall be exempt from distress, to wit: Every spinning-wheel, loom or sewing-machine, which may be loaned or hired to the tenant, and every horse, carriage and harness * * * * in any livery stable * * * * and all property of any boarder or sojourner at any hotel, tavern, public and private boarding house," &c.

The appellant insists that the exemption under the Act is not confined to the goods belonging to and in the personal use of the boarder or his family, but extends to all the goods owned by him, although the same may include the entire household furniture used by the tenant and other boarders.

To this construction we cannot assent. We can very well understand why the Legislature should exempt the furniture belonging to and used by the boarder, but there is no more reason why other furniture, used by the tenant for the purposes of the hotel or boarding house, should be exempt from distress because it may happen to belong to a boarder, than if it belonged to any other person—No reason was suggested in the argument why a boarder should be more highly favored in this respect than the next-door neighbor, who may be the owner of the goods. The construction contended for would put in the power of any one boarder, by owning all the furniture in a hotel or boarding house, to defeat altogether the landlord's right of distraint. Such was not the purpose of the statute.

We think the Court was right in instructing the jury that the Act of 1868 exempted such goods only as belonged and were in the personal use of the boarder, and the judgment will be affirmed.

*Judgment affirmed.*

