(Decided 5th December, 1884.)

---

EDWARD BIEMULLER *vs.* MARGARETTA SCHNEIDER.

*Transfer of Personal property—Letters of Administration— Sec. 39, of Art. 24, of the Code—Bill of Sale—Replevin— Bailment—Res inter alios acta—Evidence—Borrower or Bailee.*

While, as was declared in *Rockwell vs. Young*, 60 Md. 566, title to the personal estate of a decedent can be transmitted only through the

Biemuller *vs.* Schneider.

instrumentality of letters of administration, save in certain exceptional cases by an executor *de son tort*, that principle of law has no application where the title or right of possession to the goods was not in the decedent.

It is only where the vendor, mortgagor, or donor shall remain in possession of personal property, that a bill of sale or mortgage is required to be executed and recorded; and even this is not requisite to a transfer of the property as between the parties thereto. (Sec. 39, of Art. 24, of the Code.)

During his life-time, S. executed a bill of sale to F., of certain goods and chattels pertaining to his dairy business. F. took them into possession, and B., at the solicitation of S., bought them of F., and then delivered them to S., to use in his dairy business, with the express understanding that whenever B. desired to do so, he could resume possession of them, S., in the meantime, to have the authority, by sale or exchange, for dry cows and other unprofitable stock to substitute better ones; the substituted articles to belong to B., as if the original had been kept. S. made exchanges of some of the stock, recognizing the ownership of B. when doing so, and B. paid the difference in trade where the old stock was valued at less than the new. S. died, and after his death, B. brought an action of replevin against his widow. The goods and chattels specified in the writ of replevin, were made up of articles mentioned in the bill of sale to F., and purchased of him by B., and those substituted by S. in accordance with the permission of B., and others so substituted by the defendant under an extension of the same authority to her. When the suit was brought, letters of administration had not been taken out on the estate of S., but they were afterwards issued to E. HELD:

1st. That there was no right in S. himself, to withhold the goods in question in his life-time from the plaintiff.

2nd. That there was in the statute indicating where such an instrument is necessary, no warrant for holding that a bill of sale was required from F. to transfer the goods from him to B., because of his not having assigned or released the bill of sale from S. to him.

3rd. That when F. took the goods into his own possession, no more formality was necessary on his part when selling and delivering them to another, than if when S. sold them to him he had made a transfer of their possession, instead of retaining them in his possession, and for that reason giving the bill of sale.

4th. That there was no force, from the nature of the issues, in the objection, that neither S. nor F. being a party to the cause, proof of the plaintiff's transactions would be *res inter alios acta.*

5th. That the title of the plaintiff having been put in issue, as well as title claimed to be in S. and in the defendant, proof of his title and of the nature of the possession of the goods which he conferred upon S., and of how he was entitled to the articles substituted by S. for those originally lent him, was pertinent and admissible.

6th. That the relation of S. to the plaintiff, was simply that of a borrower or bailee of the goods originally put in his possession, with authority from the plaintiff, as his agent, to replace worn out or unprofitable animals with better ones, and thereby better enable S. to successfully carry on his business, which was the plaintiff's motive in allowing him to use the stock, and at the same time preserve it from deterioration on the plaintiff's account.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

*First Exception.*—At the trial the plaintiff offered in evidence the bill of sale from Frederick Schneider to Samuel Fernheimer referred to in the opinion of this Court. The Court (FOWLER, J.,) on objection to its admission—it being admitted that Frederick Schneider was dead when this suit was instituted—refused to permit said bill of sale to be given in evidence. The plaintiff excepted.

*Second Exception.*—The plaintiff proposed to offer in evidence a note from the plaintiff and one John Kinstler, to Samuel Fernheimer, the bargainee mentioned in the bill of sale mentioned in the first bill of exception, which note is dated the 15th day of August, 1878, and is for the sum of $600.00, payable twelve months after date to the order of said Fernheimer, with interest; offering at the same time to show and prove by a competent witness or witnesses, that said note was given for the articles mentioned in the aforesaid bill of sale, or some of them, and sold by said Fernheimer to the plaintiff, and that some of

the articles so sold, are some of those replevied in this cause; that a judgment was obtained against the plaintiff on said note by said Fernheimer, and that said note and said judgment were paid by the plaintiff to said Fernheimer; that the defendant had said articles in her possession, as well as the other articles mentioned in the writ of replevin, and refused to give them up to the plaintiff, and he brought this replevin suit for the same. On objection made the Court refused to allow said evidence to be given to the jury. The plaintiff excepted.

*Third Exception.*—The plaintiff then gave in evidence a bill of sale from Margaretta Schneider to Edward Biemuller, dated August 16th, 1882, and duly executed and recorded, for certain horses, cows, and other articles of personal property, the consideration therein stated being $850. And then offered in evidence the following paper, having first proved that it was signed by the defendant:

HIGHLANDTOWN, Baltimore County,

May 24th, 1883.

I hereby relinquish all right, title and interest in and to stock, implements and all articles contained in bill of sale to Edward Biemuller from Margaretta Schneider, said goods having been taken by writ of replevin, issued out of the Circuit Court of Baltimore County on May 24th, 1883, by order of said Court, taken by sheriff of Balto. co.

MORSROZORUNTJOR VISUNIDUN, [Seal.]

Witness:—*John Hevern,*
*Carvil Grace.*

To the admission of this paper in evidence, the defendant objected, and the Court refused to allow said paper to be read in evidence. The plaintiff excepted.

*Fourth Exception.*—The defendant then offered to show by Louis Fernheimer, a competent witness, that he was present at an interview between Samuel Fernheimer, the

party named in the bill of sale referred to in the first bill of exception, Frederick Schneider, also a party to said bill of sale, and the plaintiff, Biemuller, after Fernheimer had taken possession of the property therein mentioned; that this conversation took place on the 15th of August, 1878, in Baltimore County, where Frederick Schneider then lived, and in which county the defendant lived at the time of the issuing of the writ of replevin, and where the said defendant, Margaretta Schneider, now lives; Frederick Schneider asked the plaintiff to buy the goods and articles mentioned in the said bill of sale from said Frederick · Schneider to said Samuel Fernheimer; that Biemuller said he had not the money to pay for them; Samuel Fernheimer said he would take Biemuller's note for twelve months for the amount, with John Kinstler as security, and the note dated the 15th of August, 1878, and referred to in a former bill of exception, was then given as referred to in previous bill of exception, and said Fernheimer then gave Biemuller possession of the said property, and that said note was subsequently paid by said Biemuller to said Fernheimer, who is now dead, and the said witness left directly after the note was signed, and does not know of the agreement between Biemuller and Schneider. And the plaintiff further offered to prove by four competent witnesses, that after said Samuel Fernheimer put said Edward Biemuller in possession of the property referred to by witness Fernheimer, that Frederick Schneider told Edward Biemuller that the said stock and articles above referred to were his, (Biemuller's;) that he could take possession of them whenever he pleased; and that it was then agreed between said Edward Biemuller and said Frederick Schneider, that if said Frederick Schneider traded any of the said articles, the articles that he got would take the place of the articles or chattels which he traded away; and the said Frederick Schneider also agreed, that whenever said Samuel Fernheimer wanted

his money, that the said Edward Biemuller could take the property which he had bought from said Samuel Fernheimer, and which is mentioned in the bill of sale to said Fernheimer, referred to in a previous bill of exception, and any article or thing that he had got in exchange for any of the said articles traded off, and sell them or do what he pleased with them; and on this agreement and understanding, the said Biemuller then placed said property in the possession of said Schneider; and further offered to prove by said witnesses that the goods, articles and chattels replevied in this cause were and are the articles which were included in the bill of sale from Frederick Schneider to said Fernheimer, and above referred to, and were the articles, goods and chattels which were got in exchange for those mentioned in said bill of sale, and which were traded off from time to time by said Frederick Schneider, or by Margaretta Schneider, the defendant, and which were replevied in this cause. The defendant objected to said evidence, and the Court sustained the objection and refused to allow the evidence to be offered to the jury. The plaintiff excepted.

*Fifth Exception.*—The plaintiff then called to the stand Thomas Philpot, a competent witness, who testified that it appears from the docket in the office of the Register of Wills of Baltimore county, that letters of administration were granted to John T. Ensor on the estate of Frederick Schneider, June 13th, 1883. The plaintiff further proved by this witness, that no claims appeared by the voucher docket or other records of his office, to have been passed against the estate of Frederick Schneider; and by Herman Sachs, a competent witness, that he had known defendant over three years; that he had conversed with defendant about three years ago about buying cows from him; [she said she wanted them, but defendant said she could not buy or exchange any without seeing Mr. Biemuller; that everything on the place belonged to Mr. Biemuller, and

she would have to see him before buying or exchanging any cows.] Counsel for defendant here objected to the evidence above included in brackets, and asked the Court to rule it out. The Court sustained the objection so made, and ruled out the evidence in brackets.

The plaintiff then offered to prove further by this witness that he then went to see the plaintiff in this cause, and that plaintiff said that Sachs might exchange or trade cows with the defendant, and that he would be responsible for the difference in price between those exchanged, and that those which the defendant got, should take the place of those that were traded away; that this agreement or arrangement was communicated by the witness to the defendant, and she agreed to the said arrangement, and that under the said agreement and arrangement, the said plaintiff and Julius Sachs exchanged with the defendant a number of cows, from eight to twelve or thirteen; and that the plaintiff paid this witness the sum of $292.00, which was the difference in the price between those that he delivered to the defendant, under this agreement and arrangement, and those which were got from her; and further offered to prove by said witness, that a portion of the articles replevied in this cause, are the same as those exchanged by him and said Julius Sachs with the defendant, under this agreement and arrangement, and offered to prove the same facts by said Julius Sachs and the plaintiff. The plaintiff further offered to prove by himself, that he came to the Orphans' Court of Baltimore county with the defendant, just after the death of her husband, Frederick Schneider, which occurred on the 19th of May, 1880; and said defendant then stated to the Orphans' Court, or to the Register of Wills of Baltimore County, that Frederick Schneider, the bargainor in the Fernheimer bill of sale, referred to in a previous bill of exception, died, possessed of no property, and that everything on the place belonged to the plaintiff in this case. To which offers of

evidence the defendant objected, and the Court refused to allow said testimony to be given in evidence. To the exclusion of the evidence included in brackets, and to the refusal to allow the testimony of Herman Sachs, Julius Sachs and the plaintiff, to be given in evidence as above offered, the plaintiff excepted.

*Sixth Exception.*—The plaintiff offered the following prayer: That if the jury shall find from the evidence that the property mentioned in the declaration, or some part thereof, was bought by the plaintiff from Samuel Fernheimer, during the life-time of Frederick Schneider, and placed in his Schneider's possession by the plaintiff to use, on the understanding and agreement with said Schneider, that he, the plaintiff, could take possession of it whenever he wanted to do so, and that Schneider died, having said property so in his possession under such agreement or understanding; and shall further find, that the defendant retained possession after her husband's death under the same agreement, then said property did not vest in or devolve upon the administrator of Schneider, as part of the assets of his estate, but continued the property of the plaintiff, and he is entitled to recover in this action for so much of the property replevied in this cause, as was so bought by plaintiff from Fernheimer, and left in possession of Frederick Schneider, and retained by the defendant under the same agreement.

The defendant offered the five following prayers: (Her first prayer going to the sufficiency of the plaintiff's evidence, offered at the close of the case, was refused by the Court and is omitted.)

2. That if the jury find from the evidence, that at the time the defendant executed the bill of sale, dated the 16th day of August, 1882, and offered in evidence in this case, if the jury shall find such bill of sale was so executed, the defendant was not indebted to the plaintiff for anything; and if they further find from the evidence, that the

defendant was misled and deceived by the plaintiff, and induced by him to execute said bill of sale, when in fact (if they so find) she owed him nothing; and if they further find from the evidence, that the defendant was led to believe, by false representations made to her by the plaintiff, that it was her duty to execute said bill of sale; and if the jury shall further find from the evidence, that the plaintiff made false representations to the defendant, in regard to the execution of said bill of sale, under circumstances calculated to deceive her; and if they find such false representations did deceive her, and that thereby the plaintiff obtained from her the said bill of sale, then the said bill of sale is void, and does not pass title to the plaintiff for the property therein named.

3. That in passing upon the question of fraudulent intent, the jury are at liberty to infer such intent from all the facts proven in the case; and, in order to ascertain the motives and designs of the parties, the jury may look to all the circumstances surrounding the transaction, which they shall find to have been proven in connection with the case.

4. That even if the jury should find that the said bill of sale, dated the 16th of August, 1882, and executed by the defendant to the plaintiff (if the jury shall find that the same was so executed) is *bona fide*, yet the plaintiff cannot recover under said bill of sale in this action, for any of the property levied upon and taken under the writ of replevin, except such of said property so taken as aforesaid, as the jury shall find from the evidence is identically the same as is named in the said bill of sale, and that the burden of proof is on the plaintiff to show that the property taken as aforesaid under said writ of replevin, is the same as named in said bill of sale.

5. That if the jury believe from the evidence, that one Frederick Schneider was the husband of the defendant, and that he died in the month of May, 1880, and that at

the time of his death he was possessed of any part of the personal property named in the bill of sale, dated 16th of August, 1882, and executed by the defendant to the plaintiff, (if they shall find that the same was so executed; and if they should further find from the evidence, that the said deceased used said property as his own for a long time previous, and up to the time of his death, and was then as aforesaid in the possession thereof, then the said bill of sale from the defendant to the plaintiff does not pass any title to the plaintiff to any part of said property which they may find from the evidence was left as aforesaid by said deceased.

6. That the plaintiff is not entitled to recover for any of the articles, goods or chattels mentioned in the sheriff's return and schedule offered in evidence, which are not mentioned and described in the bill of sale dated August 16th, 1882, and offered in evidence, if the jury shall find such bill of sale.

The Court rejected the plaintiff's prayer, and the first prayer of the defendant, and granted the defendant's other prayers.

The plaintiff excepted, and the verdict and judgment being against him he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, RITCHIE, and BRYAN, J.

*John I. Yellott,* for the appellant.

*John T. Ensor,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The appellant, as plaintiff below, brought his action of replevin to recover possession of certain horses, cows and other personal property alleged to have been wrongfully taken and detained by the appellee. Four pleas were

filed : first, *non cepit;* second, that the goods and chattels belonged to the defendant; third, that they were of the personal property of Frederick Schneider, deceased, and belonged to his legal representatives; and, fourth, that the said goods and chattels were not the property of the plaintiff.

The plaintiff's offers of evidence were primarily directed to showing, under the third and four issues, which raised the substantial contention in the case, that during his life-time Frederick Schneider had executed a bill of sale to one Samuel Fernheimer of certain goods and chattels pertaining to his dairy business; that Fernheimer had taken them into possession, and plaintiff at the earnest solicitation of Schneider, whose wife, the defendant, was a relative, bought them of Fernheimer, giving his promissory note with security therefor, and then delivered them to Schneider to use in his dairy business, with the express understanding that whenever the plaintiff desired to do so he could resume possession of them, Schneider in the meantime to have authority, by sale or exchange, for dry cows and other unprofitable stock, to substitute better ones, the substituted articles to be the plaintiff's as if the original had been kept; that Fernheimer had recovered the purchase money due on plaintiff's note by suit; that Schneider had made exchanges of some of the stock, recognizing plaintiff's ownership when doing so, and plaintiff had paid the difference in trades where the old stock was valued at less than the new; and that the goods and chattels specified in the writ of replevin were made up of articles mentioned in the bill of sale to Fernheimer and purchased of him by plaintiff, and those substituted by Schneider in accordance with plaintiff's permission, and others so substituted by defendant under an extension of the same authority to her; and that these were the goods and chattels taken and withheld by defendant and the subject of the suit.

It was conceded at the trial that Frederick Schneider was dead, and that when the suit was brought letters of administration had not been taken out on his estate, but had since been issued to John T. Ensor.

The principal ground relied on by the defendant for the exclusion of the recited offers of testimony was that the goods and chattels being in the use and possession of Schneider at the time of his death, they, or any claim concerning the same, could only be recovered by suit against Schneider's administrator. This proposition presents the essential controversy in the case.

While, as was declared in *Rockwell vs. Young*, 60 *Md.*, 566, title to the personal estate of a decedent can be transmitted only through the instrumentality of letters of administration, except in certain exceptional cases by an executor *de son tort*, that principle of law has no application where the title or right of possession to the goods was not in the decedent. The mere death of a party cannot operate to transmit what he did not have. It is only the assets of his decedent for which an administrator is responsible, and over which he is entitled to exercise control. *Dorsey vs. Smithson*, 6 *H. & J.*, 61. The only inquiry to be made therefore is, whether assuming the plaintiff's offers of evidence disclose the true state of the facts, there was any right in Schneider to withhold the goods in question in his life-time from the plaintiff. It is obvious, in our view, that he had not. As to the further contention of defendant, that a bill of sale was required from Fernheimer to transfer the title to the goods from him to plaintiff, because he had not assigned or released the bill of sale from Schneider to him, we find no warrant for it in the statute indicating where such an instrument is necessary. It is only where the vendor, mortgagor or donor, shall remain in possession of the property that a bill of sale or mortgage is required to be executed and recorded; but even this is not requisite to a transfer of the property as between

the parties thereto.    Section 39, of Article 24, of the Code. The bill of sale from Schneider to Fernheimer gave him an absolute right of disposition of the property.    Its office was for the protection of the public so long as Schneider remained in possession of the goods by permission of Fernheimer.    When therefore Fernheimer took them into his own possession, no more formality was necessary on his part when selling and delivering them to another, than if when Schneider sold them to him he had made a transfer of their possession, instead of retaining them in his possession, and for that reason executing the bill of sale.

We see no force, from the nature of the issues, in the objection, that neither Schneider nor Fernheimer being a party to the cause, proof of plaintiff's transactions would be introducing *res inter alios acta.*    The title of plaintiff had been put in issue, as well as title claimed to be in Schneider and defendant; and we think the offer of proof of his title and of the nature of the possession of the goods he conferred upon Schneider, and of how he was entitled to the articles substituted by Schneider for those originally lent him was pertinent and admissible.    The relation of Schneider to plaintiff, assuming the truth of the evidence sought to be offered, was simply that of a borrower or bailee of the goods originally put in his possession, with authority from plaintiff as his agent to replace worn out or unprofitable animals with better ones, and thereby enable Schneider to successfully carry on his business, which was plaintiff's motive in allowing him to use the stock, and at the same time preserve it from deterioration on the plaintiff's account.

From the views expressed it is unnecessary to discuss *seriatim* the plaintiff's bills of exception upon the testimony, and the prayer he submitted.    We consider the rulings in respect to them erroneous.    As to defendant's prayers, it correspondingly follows, that, with the exception of the third, they should not have been granted.    As

to the third, we think there was no error, considering the evidence offered by the defendant to show fraud in the procurement of the bill of sale executed by her, in giving the instruction therein contained.

*Judgment reversed, and
new trial awarded.*

(Decided 5th December, 1884.)

MILLER, J., dissented.