## BALTIMORE CITY COURT

Filed July 15, 1889.

### FREDERICK EHRMAN
### VS.
### DWIGHT E. LYMAN, ET AL., TRUS-TEES.

*Sebastian Brown* for plaintiff.

*Frederick C. Dugan* for defendants.

STEWART, J.—

There are four separate appeals before the Court growing out of distraint proceeding instituted by the defendants.

The evidence shows that George Presstman, in his lifetime, leased to Lewis Ehrman and Frederick Ehrman, a lot of ground, which was enclosed and used as a coal yard, fronting 50 feet on Caroline street, opposite the City Dock, and running back to Dallas street, for the term of ten years from the first day of August, A. D. 1875, at a rent of $300 per annum, payable quarterly; the said lessees jointly and severally covenanting to pay said rent as it may become due and payable.

George Presstman, the lessor, died some years ago, having by his last will and codicils appointed Dwight E. Lyman and Cumberland Dugan, trustees, to manage his estate, to whom the said lessees have ever since paid the rent, until it became in arrear as hereafter mentioned.

The term for which the premises were rented had expired, and the lessees continued in possession of the property, paying rent for two years and three months thereafter, when they ceased their payments.

After this, no legal notice having been given on either side to terminate the tenancy, and the tenants being in arrears for one year's rent, due November, 1888, the said trustees of the estate of George Presstman, on 11th of January, 1889, through their bailiff, levied a distraint upon certain property, then upon the demised premises, which property, it appears, belonged to different owners, who caused the writs of replevin to issue, the judgments on which are now before this Court for review.

It is contended by the appellants that the lease between the parties was void, because it was for a period of more than seven years, and was not acknowledged and recorded, according to law, and that no suit could be brought on the covenants against the lessees, and hence no distraint proceedings would lie.

There is not much force in this argument, as the Court of Appeals has decided that where a lease is void, and the tenant or lessee enters under it and occupies the premises, he shall be held liable under a verbal agreement of similar import as to terms, to that expressed in the writing. Kinsey vs. Minnick, 43 Md. 120. Here the term had expired, and in either aspect of the case, the tenancy must be construed as a yearly renting which can only be terminated in the mode pointed out in the case just quoted.

There can be no question as to the liability of the goods of Frederick Ehrman under the distraint proceedings, and on the appeal in his case, the judgment of the justice will be reversed, and judgment entered in favor of the avowants for the return of the property replevied, one cent damages and costs, and it is ascertained that the value of the personal property replevied, and now directed to be returned, is ninety-seven dollars.

In the three remaining appeals, the parties whose goods were taken were not the lessees, and only one of them had asked permission of the tenants to place his wagons upon the premises; the others, without such permission, had made use of the lot, which was sufficiently enclosed to indicate that it was private property. Although not liable in covenant for the rent, can their goods be taken under a distraint warrant?

At the common law, things delivered to a person exercising a public trade, to be carried, wrought, worked up, or managed, in the way of his trade or employ, were exempt from distress, and in this State, the law further provides (Code, Article 53, Section 17)

that every spinning-wheel, loom, sewing machine, stove, piano, organ, or other musical instrument, rented, hired or loaned, to the tenant, and every horse, carriage and harness, whip and robe, saddle and bridle, not the property of the tenant, in any livery stable; and all the property of any boarder or sojourner at any hotel, tavern, public and private boarding house; and any vehicle, not the property of the tenant, in his shop for repairs, shall also be exempt.

The property of the boarder, however, has been construed to mean only such goods as belonged to and were in personal use of the boarder, and not such property as he might own, which was in general use. Leitch vs. Owings, 34 Md. 262. In McCreery vs. Claflin, 37 Md. 435, it is decided that the goods of the principal in the hands of his commission merchant are not liable to distress for rent due by the latter to his landlord, and that this exemption is for the benefit of the trade and commerce, and for the purpose of protecting the owner of the goods, who has confided them to the tenant for sale.

Aside from the exemption above mentioned, the law is, that all movable goods and chattels of the lessee or tenant may be distrained for rent due, if they be found upon the land demised, and cattle of a stranger, if they are put or escape into, the land out of which the rent issues, whether they come either by the fault of the owner or with his consent. The Court of Appeals in Ernig vs. Cunningham, 62 Md. 558, decided in a case, in which the wife of the tenant claimed exemption from distress on premises rented by her husband, that the landlord has the right to distrain for rent due, or any goods and chattels on the demised premises, except such as are specially exempted by law.

The Court finds that none of the property distrained under these proceedings, comes within any exemption recognized by the law, and therefore reverses the judgment in the case of Isador Stoessels and renders judgment for the avowants for the return of the property replevied, one cent damages and costs, and ascertain that the value of the personal property replevied, and now directed to be returned is seventy-five dollars; and also reverses the judgment in the case of Engel, Kirchheimer and Regnier, and renders judgment in favor of the avowants for the return of the property replevied, one cent damages and costs, and ascertains that the value of the property now directed to be returned is forty dollars; and reverses the judgment in the case of Charles Strahlein, Jr., and renders judgment in favor of the avowants for return of the property replevied, one cent damages and costs, and ascertains the value of the property now directed to be returned is thirty-five dollars.