HANNAH S. SCHUMAN, by her next friend, H. W. HESEN *vs.* THOMAS J. PEDDICORD.

*An Assignment of Property for the Benefit of Creditors, void under Stat.* 13 *Eliz., and Binding on the Grantors—Construction of Stat.* 13 *Eliz.—Assignment for the Benefit of Creditors made by a Married Woman.*

An assignment of property for the common benefit of their creditors made by the appellant and her husband, which did not, it is conceded, embrace the entire property of the grantors, though void under the Statute of 13 Elizabeth, is nevertheless binding on the grantors.

The Statute of 13 Elizabeth does not affect the rights of the parties to a conveyance, and these must be determined by the principles of the common law. By it, no one is permitted to take advantage of his own wrong, and the grantee is permitted to retain the property, not from any merit of his own, but because the law will not lend its aid to a party seeking to set aside his own fraudulent act. As against creditors, however, no title passes to the grantee; nor is it necessary, in order to bring the conveyance within the spirit of the Statute, that there should be an actual intent to perpetrate a fraud. If the necessary effect and operation of the instrument be to hinder, delay or defraud creditors, the legal presumption is, that it was made for that purpose.

A married woman may make an assignment of her property for the benefit of her creditors, and when made, such assignment is subject to and governed by the same principles that govern assignments made by other persons.

APPEAL from the Circuit Court for Garrett County, in Equity.

The facts of the case are stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*William Brace* and *Benj. A. Richmond,* for the appellant.

The deed in question purports to convey only certain real estate, described in it by metes and bounds, and nowhere either states that this was *all* the grantors' real estate, or conveys in general terms *all other* real estate owned by them. All their personal property is conveyed in terms, and this is followed by a statement, that "it is expressly intended * * to transfer * * every species of *personal* property which they possess." Seeming to negative any presumption that it was also intended to convey all their real estate. It is scarcely necessary to quote authorities to show that such a deed is void. *Rosenburg vs. Moore,* 11 *Md.,* 377; *Barnitz vs. Rice,* 14 *Md.,* 24; *Bridges &c. vs. Hindes, &c.,* 16 *Md.,* 101; *Insurance Co. vs. Wallis, &c.,* 23 *Md.,* 173.

If the deed is void, the property remained in the grantors. *Bridges, &c. vs. Hindes, &c.,* 16 *Md.,* 101, 105; *Insurance Co. vs. Wallis, &c.,* 23 *Md.,* 173, 184. Estoppels, wherever they exist, are mutual. *Ins. Co. vs. Wallis,* 23 *Md.,* 184; *Thomas vs. Turner & Yardley,* 16 *Md.,* 105; *Grove vs. Todd,* 41 *Md.,* 633.

*Thos. J. Peddicord,* for the appellee.

Can the appellant attack the validity of her own deed, or is she estopped?

The true principle of estoppel as applicable to deeds, is to prevent circuity of action and to compel parties to fulfill their contracts. Though a deed may be void as fraudulent against creditors, or against the policy of the law, it is good by way of estoppel against the donor and grantor, or their executors, and those claiming under them. 6 *H. & J.,* 61; 6 *H. & J.,* 116; 7 *H. & J.,* 417; 4 *H. & J.,* 329; 5 *G. & J.,* 314; 1 *Gill,* 430.

A deed made by a debtor, *with intent to defraud his creditors,* although void under the Statute of Elizabeth *as*

*against creditors,* as against the debtor is good and valid. 7 *Gill & J.,* 132; *Id.,* 96.

When a *feme covert* parts with her property by any mode or form of conveyance, executed according to law, she is, by her own voluntary act, precluded from disavowing it, and is bound by the conditions and terms of her deed. 6 *Gill,* 28.

ROBINSON, J., delivered the opinion of the Court.

The appellant, a married woman, united with her husband in an assignment of property for the common benefit of their creditors; and this bill is filed by the *wife,* to set aside the assignment as fraudulent, because it does not upon its face embrace the entire property of the grantors.

Whether the assignment is liable to the objection now urged against it, is a question not necessary to be decided here, for if it be conceded that it does not embrace all the property of the grantors, real and personal, and is therefore void under the statute of 13 *Elizabeth;* it is nevertheless binding on the grantors. *Steuart vs. Iglehart,* 7 *G. & J.,* 132; *Freeman vs. Sedgwick,* 6 *Gill,* 28; *Dorsey vs. Smithson,* 6 *H. & J.,* 61; *Chessman vs. Exall,* 6 *Exch.,* 341; *Cushwa vs. Cushwa,* 5 *Md.,* 44; *Newson vs. Douglass,* 7 *H. & J.,* 417.

The statute of Elizabeth was passed for the protection of creditors, and it declares accordingly that all conveyances, &c., with "intent to *delay, hinder* or *defraud*" creditors shall be void.

Its provisions, however, do not in any manner affect the rights of the parties to the conveyance, and these must therefore be determined by the principles of the common law. By the common law it is well settled that no one shall be permitted to take advantage of his own wrong. In such cases the maxim of "*in pari delicto*" applies, and the grantee is permitted to retain the property not from any merit of his own, but because the law will not lend

Schuman *vs.* Peddicord.

its aid to a party seeking to set aside his own fraudulent act. *Nellis vs. Clark,* 4 *Hill,* 424 ; *Steuart vs. Kearney,* 6 *Watts,* 453 ; *Murphy vs. Hubert,* 16 *Penna.,* 50.

But although a fraudulent conveyance is binding on the grantor, yet it is declared by the statute to be void as to creditors, and as against them, it has been repeatedly held that no title passes to the grantee. *Bridges vs. Hindes,* 16 *Md.,* 101 ; *Insurance Co. vs. Wallis,* 23 *Md.,* 173 ; *Rosenberg & Blondheim vs. Moore,* 11 *Md.,* 377 ; *Barnitz vs. Rice, et al.,* 14 *Md.,* 24.

Nor is it necessary in order to bring the conveyance within the spirit of the statute, that there should be an *actual intent* on the part of the grantor to perpetrate a fraud. If the necessary effect and operation of the instrument be to *hinder, delay* or *defraud* creditors, the legal presumption is, that it was made for that purpose. *Grover vs. Wakeman,* 11 *Wend.,* 187 ; *Sturdivant vs. Davis,* 5 *Ired.,* 365 ; *Enders vs. Swayne,* 8 *Dana,* 103 ; *Nicholson vs. Leavett,* 6 *N. Y.,* 510 ; *Janes vs. Whitbread,* 20 *Law T. C. P.,* (*N. S.,*) 217.

Notions of right and wrong vary of course with each individual person, and in declaring that every one must intend the legal consequences of his own voluntary act, the law provides a more certain and reliable standard by which the intention is to be ascertained.

Wherever then the effect of a conveyance is upon its face to hinder and delay creditors, it will be construed as void against such creditors, without stopping to inquire what may have been the actual intention of the grantor.

Nor does the fact that the appellant is a married woman affect the question. Under the laws of this State, she may make an assignment of her property for the benefit of creditors, and when made, such assignment is subject to and governed by the same principles that govern and control assignments made by other persons.

For these reasons the order of the Court dissolving the injunction will be affirmed.

*Order affirmed, and*
*cause remanded.*

(Decided 26th February, 1879.)