ANDREW  W.  BROWN  *vs.*  SUSANNAH  E.  REILLY  and
EDWARD  REILLY.

*Deed  to  Hinder  and  Delay  creditors — Equity — In  pari
delicto.*

In a bill seeking to have a deed declared null and void as being
fraudulent, the complainant alleged that it was understood and
agreed between the parties that it should only operate as a mort-
gage, and that upon the payment to the defendants of the debt
intended to be secured, the property should be reconveyed to the
complainant. The complainant testified that he gave a deed in
preference to a mortgage, because the former would keep off his
creditors better; and that the consideration was falsely stated to
make it appear a legal transaction. HELD:

That if the version of the transaction given by the complainant
be accepted as true, the parties were in equal fault, and a Court
of equity will decree no relief to either, but will leave them
where they have placed themselves.

APPEAL  from  the  Circuit  Court  for  Prince  George's
County,  in  Equity.

The  case  is  stated  in  the  opinion  of  the  Court.

The  cause  was  argued  before  ALVEY  C.  J.,  ROBINSON,
BRYAN,  FOWLER,  MCSHERRY,  and  BRISCOE,  J.

*Filmore  Beall,*  and  *William  Stanley,*  for  the  appellant.

*George  C.  Merrick,*  for  the  appellees.

MCSHERRY,  J.,  delivered  the  opinion  of  the  Court.

The  appellant  filed  a  bill  of  complaint  against  the  ap-
pellees  in  the  Circuit  Court  for  Prince  George's  County.

It alleged, in substance, that the appellant being indebted to the appellees in the sum of nine hundred and nineteen dollars and fifty-one cents, executed and delivered to Susannah Reilly, one of the appellees, a deed, absolute on its face, conveying certain real estate in fee simple; but that it was understood and agreed between the parties at the time of the transaction that the conveyance was only to operate as a mortgage; and that, upon the payment to the appellees of the debts intended to be secured by the deed, the property would be reconveyed to the appellant. It further alleged that the appellant had tendered to the appellees the amount due to them, and had demanded a reconveyance, which they refused to make. The bill was subsequently amended and charged that the deed was fraudulent and void. The relief prayed was that the deed be declared null and void upon the payment by the appellant to the appellees "of such sum as the Court may find due."

The appellees answered, and, whilst admitting the execution of the deed, denied most emphatically that the conveyance was intended as a security for any debts due to them by the appellant, and insisted that the transaction was a fair and *bona fide* sale of thirty-one acres of the land described in the deed. They disclaimed any title to an interest of the appellant in certain dower land also conveyed by the deed.

In the testimony there is flat contradiction between the parties, and, if the decision of the case depended upon harmonizing this conflicting evidence it might be exceedingly difficult to reach a satisfactory conclusion. Fortunately, however, the controversy can be determined without attempting to reconcile this repugnant proof.

It is the settled law in this State that a Court of equity will treat a deed which is absolute on its face as in fact a mortgage, if the parties designed it to operate in that

Brown *vs.* Reilly.

way; and that parol evidence is admissible to prove their intention in this respect. *Baugher vs. Merryman*, 32 *Md.*, 185. Now, it appears by the appellant's own testimony that he borrowed in September, 1874, from Mrs. Reilly, his aunt, the sum of seven hundred dollars, and some time afterwards gave her a mortgage upon the land in controversy and other land to secure the payment of fourteen hundred and sixty-six dollars and sixty-five cents: That he did not owe her the latter amount, but inserted it of his own accord as the consideration of the mortgage to protect the property against the claims of his other creditors: That subsequently he sold part of the land covered by the mortgage, and procured a release of the mortgage, and on the same day executed the deed in question for the pretended consideration of eighteen hundred and ninety-eight dollars and seven cents, conveying the thirty-one acres of land now claimed by him, and the interest owned by him in the dower land; and that the consideration was falsely stated "to make it represent as being a legal transaction." He further testified that he gave the deed in preference to giving a new mortgage because "in the matter of keeping off creditors, I should say that a deed would hold the property better." He now insists that he has paid all his creditors other than the appellees; that his statement of the consideration in the mortgage, as well as in the deed, was false; and that it was made to hinder and delay his creditors, who were pressing him for payment. He wrote the deed himself, and executed it, and then brought it, and delivered it to his aunt, who at once placed it on record.

On the other hand both of the appellees deny that the consideration mentioned in the mortgage, as also in the deed, was false; and they aver in their testimony, as in their answer, that Mrs. Reilly purchased in good faith, and for its full value, the thirty-one acres of land conveyed to her by the deed now assailed.

If we accept as true the version of the transaction given by the appellant, what possible standing has he in a Court of equity? Upon his own showing the deed was made by him, at least in part, with a view to hinder and delay, if not ultimately wholly to defraud his creditors.

If the appellees were parties to the fraud, or aware of it, as he says they were, it is a fundamental principle that a Court of equity will, as between parties in equal fault, decree no relief to either—it will simply leave them where they have placed themselves. This familiar doctrine was applied in *Roman vs. Mali*, 42 *Md.*, 513; *Cushwa vs. Cushwa*, 5 *Md.*, 44. That he has since paid his creditors does not alter the question. He intended to hinder and delay them, and the character of his act must be determined by the circumstances which existed when the act was done. If, in his attempt to hinder and delay them, he has been overreached by others whom he used as accomplices, and upon whom he relied for aid, a Court of equity cannot extricate or relieve him.

If, however, the version given by the appellees be correct, the appellant is not entitled to relief, because, upon that hypothesis, the conveyance was not a mortgage, nor was it intended to be. Thus, singularly enough, the appellant is not entitled to the relief he seeks, no matter which one of the two contradictory versions of the transaction be accepted. A plaintiff rarely finds himself in such a predicament.

As the appellees have disclaimed all title to the dower land (conveyed to them by the same deed, evidently for the purpose of placing it beyond the reach of the appellant's creditors,) the order which will be passed in disposing of this appeal will not preclude the appellant from claiming that property.

There is nothing in the record to support the allegation of the amended bill that the deed is fraudulent

and void—that is, nothing upon which the appellant can rely.

We agree with the Court below in its dismissal of the bill, and its order will, therefore, be affirmed.

*Order affirmed.*

(Decided 19th June, 1890.)