JOHN F. VALENTINE *vs.* DANIEL L. SEISS, JR.

*Vendor and Purchaser—Unrecorded deed—Bona fide Purchaser—Subsequent creditor—Sufficiency of Evidence to put Plaintiff on Inquiry.*

One who purchases all the right, title, and interest of another in land, pays the purchase money, takes a deed, which is not recorded at the time, goes into possession of the property and makes valuable improvements thereon, has a title thereto as against a purchaser at sheriff's sale under an execution upon a judgment recovered on a debt contracted subsequent to the date of the deed.

Where a purchaser at sheriff's sale institutes proceedings to set aside a conveyance to the defendant which was not recorded until after such sale, evidence that the plaintiff had personal knowledge of the sale to the defendant prior to the date of the sheriff's sale; that a witness had talked to the plaintiff about the sale to the defendant who took possession of the property before the sheriff's sale; and that defendant's purchase was commonly known, and generallly talked about in the neighborhood; that he had made valuable improvements on the property; and that public notice was given on the day of the trustee's sale, when the land was sold as not susceptible of partition without loss or injury to the parties interested, that defendant claimed an interest in it—were facts sufficient to put the plaintiff on inquiry as to the defendant's title.

APPEAL from the Circuit Court for Frederick County, in Equity.

The appeal in this case was taken from a decree of the lower Court (LYNCH, J.) rejecting and setting aside the report of sale made by the trustee in the cause, and dismissing the plaintiff's supplemental bill, and leaving him to his remedy at law to maintain his rights to the land in controversy, by an action in ejectment. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, PAGE, ROBERTS, MCSHERRY and BRISCOE, J., for the appellant, and submitted on brief for the appellee.

*Robert Biggs,* for the appellant.

*F. L. Stoner,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appeal is taken in this case from a decree setting aside the sale of land made by a trustee, appointed by the Circuit Court for Frederick county, and from an order dismissing a supplemental bill filed in the same case. An agreed statement of facts is incorporated in the record, and forms a part of the testimony of the case.

It appears that on the 10th of June, 1889, Frederick C. O. Seiss, Barbara Ann V. Heagey, and Mary A. E. Dotterer were owners in fee and tenants in common of certain lands situate in Frederick county, Maryland. On the 10th of June, 1889, Mary A. E. Dotterer, widow, by a deed or release conveyed to Daniel L. Seiss, Jr., all her right, title, and interest in said land, in consideration of the sum of one thousand dollars, which was paid, and the purchaser put into possession. The deed is signed by the grantor in the presence of a witness, but is not acknowledged before an officer authorized to take acknowledgment of deeds, and was not recorded until the 14th day of March, 1893. Sometime in July, 1890, the appellant obtained a judgment against Mary A. E. Dotterer for the sum of $95.79 on a claim contracted subsequent to the date of the alleged conveyance to Seiss, which judgment was duly recorded among the magistrates' judgments in the clerk's office of the Circuit court for Frederick county. Shortly afterwards, on the 29th of June, 1892, a *fieri facias* was issued on this judgment, and the interest of Mary A. E. Dotterer was sold at sheriff's sale to the appellant, Valentine, and con-

veyed to him by a duly executed and recorded deed, dated the 12th of August, 1892. Subsequently, on the 31st of August, 1892, a bill was filed by the plaintiff for a sale of the whole property, and a decree was obtained against the defendants for its sale, on the ground that it was not susceptible of partition without loss and injury to the parties interested. And on the 21st of April, 1893, the property was purchased at this sale by the appellant in the case. There are three objections filed to the ratification of the sale:

First. Because the plaintiff acquired no title to the land under the sheriff's sale and deed.

Second. Because Mrs. Dotterer had no interest in the land at the time of the rendition of the judgment against her, she having sold her interest to Daniel L. Seiss, Jr.

Third. Because of inadequacy of price.

There was a supplemental bill filed on the 26th of June, 1893, by the appellant against the defendants in the original bill and Daniel L. Seiss, Jr., asking to have the conveyance from Mrs. Dotterer to Daniel Seiss, Jr., vacated and annulled as a cloud upon his title; and it is alleged in this bill that the purchaser had no notice or knowledge of the paper purporting to be a deed, until after the property had been purchased at the trustee's sale.

It was ordered that all further proceedings in the case be postponed until a decree was obtained on said supplemental bill.

And this appeal is from the order vacating the sale made by the trustee, and dismissing the supplemental bill.

The main question, then, upon this state of case, is, what interest or title to this land did the purchaser take at the sheriff's sale on August 12th, 1892? And this depends upon the validity of the contract of sale of the 10th of June, 1889. The general principle that a contract which creates a specific lien on real property has a superior equity to the general lien of a subsequent judgment, has long

since been settled by a number of decisions and by this Court.

In the case of *Hampson vs. Edelin*, 2 *Harris & J.*, 64, it was held, "that a contract for the purchase of land *bona fide* made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, although the money is not paid at that time. A judgment obtained by a third person against the vendor, *mesne* the making the contract and payment of the money, cannot defeat the equitable interest thus acquired, nor is it a lien on the land to affect the right of such *cestui que trust*."

This doctrine has been followed by numerous decisions of this Court, which we think are decisive of the case now under consideration. *Alexander et al. vs. Ghiselin et al.*, 5 *Gill*, 138; *Johnston et al. vs. Canby et al.*, 29 *Md.*, 211; *Dyson et al. vs. Simmons*, 48 *Md.*, 217; *Hartsock vs. Russell*, 52 *Md.*, 625.

In *Dyson et al. vs. Simmons*, 48 *Md.*, 215, the decisions, both in England and in this State, are reviewed, and the Court says that a judgment being but a general lien, must be subordinated to the superior equity of a prior specific lien created by a defective mortgage or conveyance. Judgments create liens only because the land is made liable by statute to be seized and sold on execution. The general principle is, that if a party has power to charge certain lands, and agrees to charge them, in equity he has actually charged them, and a Court of equity will enforce the charge. And the fact that judgments have been subsequently recovered against the party agreeing to convey or charge the land, will in no manner defeat the right to have the agreement executed. It will not affect any *bona fide* conveyance made for value before that time, for it only attaches upon that which is then, or afterwards becomes, the property of the debtor. The judgment debtor stands in the place of his debtor, and he can only take the property of his debtor

subject to the equitable charges to which it was justly liable in the hands of the debtor, at the time of the rendition of the judgment, except in those cases where the principle may have been modified by express statute.

The facts of the case now under consideration bring it within the rulings of these cases. By the contract of sale of June 10th, 1889, Mrs. Dotterer, the judgment debtor, conveyed to Daniel L. Seiss, Jr., all her interest in the land in dispute. The contract price of one thousand dollars was paid in cash; the purchaser went into possession of the property, and afterwards made improvements thereon. The debt for which the judgment was rendered was not contracted until after the sale, and the judgment was not rendered until July 10th, 1892. Manifestly, Mrs. Dotterer had no interest in the land at the date of the judgment, and, as a purchaser at a sheriff's sale under a *fi. fa.* acquires only the title held by the judgment debtor at the time the judgment was rendered, the title of Daniel L. Seiss, Jr., the purchaser, under his contract of sale, was not defeated by the sale of the sheriff on the 12th of August, 1892. But independent of the application of the doctrine just referred to, we think that the appellant had such notice of the prior equitable title of the purchaser, Daniel L. Seiss, Jr., as was sufficient to put him upon inquiry.

The witness Frederick C. O. Seiss testified that he was positive that the plaintiff had personal knowledge of the sale before August 12th, 1892 (the date of the sheriff's sale); that he had talked with him about the sale at the plaintiff's mill, which was situate in the neighborhood and only about three miles from the property. There was also testimony that the purchase by Seiss was commonly known throughout the neighborhood, and "was the general talk thereabouts."

He not only took possession of this property, but, as we have said, he made valuable improvements thereon.

On the day of the trustee's sale, notice was publicly given that Daniel L. Seiss, Jr., claimed an interest in the property. The plaintiff was present and had notice thereof.

The facts in the case were sufficient to put the plaintiff upon inquiry, and he failed to exercise that diligence which the law requires in like cases. We therefore agree with the Circuit Court below, " that the whole equitable title and interest in the land in question was in Daniel L. Seiss, Jr., at the date of the judgment, and at the time of the sale by the sheriff."

The order of the Court vacating the trustee's sale, and dismissing the plaintiff's supplemental bill, will be affirmed.

*Order affirmed.*

(Decided 14th March, 1894.)