## APPOLONIA SAMARZEVOSKY by her Husband and Next Friend *vs.* THE BALTIMORE CITY PASSENGER RAILWAY COMPANY.

*Action by Married Woman for Personal Injury—Pleading.*

Prior to the Act of 1898, ch. 457, it was necessary that husband and wife should join as co-plaintiffs in an action to recover damages for personal injuries to the wife and a demurrer lay to a declaration in an action for such injuries by the wife suing by next friend.

The right of a married woman to sue for a tort is not such property as under Code, Art. 45, sec. 4, she may sue to recover by next friend.

Appeal from a judgment of the Superior Court of Baltimore City sustaining demurrer to the declaration.

The cause was argued before McSherry, C. J., Bryan, Briscoe, Page and Boyd, JJ.

*Herbert B. Stimpson* and *Henry M. Marshall* (with whom was *Randolph Barton, Jr.*, on the brief), for the appellant.

*Arthur W. Machen* and *William S. Bryan, Jr.*, for the appellee.

Briscoe, J., delivered the opinion of the Court.

This suit was brought on the 19th of November, 1897, by Appolonia Samarzevosky, a married woman, by her husband and next friend, Felix Samarzevosky, against the Baltimore City Passenger Railway Company to recover for alleged personal injuries sustained by her. The declaration was demurred to upon the ground that a suit for personal injuries to a married woman must be brought by the wife and husband jointly, and this in-

volves a construction of the Act of 1892, ch. 267, relating to married women.

The Act of 1898, chapter 457, which repeals and re-enacts Article 45 of the Code, title "Husband and Wife," and which authorizes suits by married women for torts committed against them as fully as if they were unmarried, does not take effect until the first day of January, 1899, and cannot affect the decision of this case. It is settled by numerous decisions of this Court and the question seems therefore beyond dispute, that prior to the Act of 1892, the husband and wife were required to join in an action for personal injuries to the wife. In *Wolf* v. *Bauereis*, 72 Md. 488, decided in June, 1890, it was distinctly held in construing the Act of 1882, which is now section 7 of Article 45 of the Code, that a *feme covert* was not entitled in an action for an assault and battery to maintain an action in her own name alone, by virtue of the provisions of the statute relied on. And in *Baltimore City Passenger Railway Company* v. *Kemp and wife*, 61 Md. 77, it was said: "It is perfectly well settled, that in an action brought for personal injuries suffered by the wife, the husband and wife must join and the declaration must conclude to their damage." And to the same effect are the cases of *Clark* v. *Wootten et al.*, 63 Md. 114, and *Treusch* v. *Kamke, etc.*, 63 Md. 278.

But it is contended that the Act of 1892, ch. 267, changed the rule of law as heretofore established and gave her the right to sue independently of her husband for injuries to her person as well as to her property. Now, it appears by the Act of 1892, that section 1 of Article 45, of the Code, was repealed and re-enacted so as to read: "The property real and personal belonging to a woman at the time of her marriage, and all property which she may acquire or receive after her marriage by purchase, gift, grant, devise, bequest, descent, in a course of distribution or *in any other manner*, shall be protected from the debts of the husband." And it is earnestly insisted, that the effect of the insertion of the words, "or in any other manner," by this amendment makes the right of action for personal injuries to a mar-

ried woman her separate property for which she can sue by her next friend.

We cannot give this Act the construction here contended for. The Act does not specify nor declare what is property, and what is not, but refers to the different modes of acquisition of property by the wife. It enumerates several methods, such as by purchase, gift, grant, etc., and then says, "or in any other manner." It simply enacts that the wife shall have her property in whatever manner it may be acquired and thereby it enlarged the mode of acquisition of property by her.

Whatever, then, may be the decision elsewhere, this Court has never held that a mere right of action in tort was property that could be sold or transferred before a recovery by judgment. On the contrary, in the case of *Booze* v. *Humbird*, 27 Md. 1, it is distinctly stated, that "a claim for costs and damages is inchoate and contingent upon events which in this case have not occurred. As much so as any unliquidated claim for a personal injury which depends upon the rendition of a judgment before such claim could be assets in the hands of his personal representatives. . . . The damages claimed in such action could not have been considered personal assets before judgment recovered, . . . and no claim to damages can arise until they are consummated by final judgment." And it is quite manifest, that in *Wolf* v. *Bauereis* and in *Baltimore City Passenger Railway Company* v. *Kemp, supra*, where it was held that husband and wife must join in an action for personal injuries, the Court considered that a claim for damages was not property.

It follows then from what has been said that the judgment below on demurrer was correct, and it will be affirmed.

*Judgment affirmed with costs.*

(Decided December 20th, 1898.)