# CHARLES V. JORDAN *vs.* GEORGE A. REYNOLDS
## ET AL.

*Tenancy by the Entireties—Conveyance by Husband and Wife Free from Judgment Against the Husband.*

When land is held by a husband and wife as tenants by the entireties, a judgment against the husband is not a lien on the land nor can his interest be sold under an execution.

A husband and wife owning land as tenants·by the entireties may convey the same to a purchaser free and clear from an outstanding judgment against the husband, such judgment not constituting a lien on the land or on the interest of the husband therein.

*Decided March 1st, 1907.*

Appeal from the Circuit Court of Baltimore City (NILES, J.)

The cause was argued before .BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*William C. Smith* and *Edward A. Strauff* (with whom was *Howard M. Emmons* on the brief), for the appellant.

The appellant is not arguing that a creditor of a husband has a right to defeat the wife's interest in the property held by her and her husband as entireties; for until this Court shall overrule its decision in *Clark* v. *Wooten*, 63 Md. 113, that ·question is definitely determined. Bجt when the husband and wife as such tenants *voluntarily and jointly seek to destroy this tenancy and estate by sale*, the interesting question arises as to whether a creditor of the husband does not have the right to have his claim protected by payment.

Questions touching the character of the estate created by conveyances to husband and wife are decided in the following cases, which are here cited in their chronological order: *Marburg* v. *Cole*, 49 Md. 402; *Fladung* v. *Rose*; 58 Md. 13; *Clark* v. *Wooten*, 63 Md. 113; *McCubbin* v. *Stanford*, 85 Md. 378.

All of the aforegoing cases have been decided upon facts which show an attempt upon the part of creditors to interfere with the wife's interest in an estate by the entireties. In the case at bar, however, we have the husband and wife uniting in an endeavor to destroy the estate.

At the common law the husband had the control so long as both spouses lived. *Beach* v. *Hollister*, 3 Hun. 519; *Kipp* v. *Kipp*, 33 N. J. Eq. 213. And he could use the estate for his own benefit during that period. *Bertele* v. *Noonan*, 92 N. Y. 152. He was the absolute owner of the rents and profits. *Clapp* v. *Slaughton*, 10 Pick. 463, and *Pray* v. *Stebbins*, 141 Mass. 219.

The changes made by the various married woman's Acts have, however, had an effect upon the rights of the respective parties until it appears in *Hilles* v. *Fisher*, 144 N. Y. 306, both spouses have an interest in the management, usufruct and the control of the estate; hence the estate once created cannot be destroyed without the consent of both parties. So it has been held *In re Germania Bank* v. *Jung*, 28 Abbott's New Cases, 81, where the husband and wife mortgage their property and subsequently the mortgage is foreclosed, the surplus money, after the satisfaction of the mortgage is constructively realty, and is held by the entireties and the money is to be invested under the direction of the Court. The estate thus created therefore cannot be ended. See also *Farmers, etc., Bank* v. *Gregory*, 49 Barb. (N. Y.) 155.

Hence, upon the devolution of the estate by the joint act of both the tenants, it would appear the wife takes one-half interest therein, and the husband takes the remaining half. It is out of such portion as is taken by the husband out of the proceeds of sale that the judgment creditor is entitled to his lien, which lien ought to be enforceable. To hold otherwise would open the door to the perpetration of gross frauds.

*Arthur L. Jackson*, for the appellees.

The trial Court says the question involved in the case is, "can a husband and wife, holding property as tenants by the

entireties, give to a purchaser of that property such a merchantable title as will enable them to enforce specific performance against him, provided there is an outstanding judgment against the husband?"

There is no difference between the parties to this suit that the Court has properly stated the question at issue. The Court lays down three propositions; the first of which is "Judgments create liens only because the land is made liable by a statute to be seized and sold on execution."

This Court has decided the question in the case of *Morton* v· *Graflin*, 68 Md. 545, where the Court discussing the lien of a judgment on real estate says: "A judgment is a lien on land only because land can be taken in execution and sold."

The next proposition laid down by the lower Court is that "there is nothing here that can be seized and sold under execution upon this judgment recovered against the husband. It seems to be settled law in Maryland that the husband could sell no interest in the property held by him and his wife by this tenure without the joinder of his wife;" the lower Court is sustained in this second proposition by the decision of this Court in the case of *McCubbin* v. *Stanford*, 85 Md. 378.

The third proposition laid down by the lower Court was "that a judgment creditor can never acquire in any property more rights than are possessed by the judgment debtor." This position of the lower Court is sustained by the decision of this Court in the case of *Hartsock* v. *Russell*, 52 Md. 619, which is affirmed in *Valentine* v. *Seiss*, 79 Md. 187.

The husband has no such marital rights in the estate as would enable his creditors to obtain any lien or right of possession or right of *usufruct* against it during their joint lives on account of the provisions of the State Constitution protecting the wife's property from the debts of the husband. *Marburg* v. *Cole*, 49 Md. 402; *Clark* v *Wooten*, 63 Md. 113.

In this feature the Maryland law differs from many of the States of the Union, which hold that the Acts and constitutional provisions similar to our own for the protection of married women's property against the debts of the husband

do not refer to or embrace estates by entireties. In such States the husband's marital rights in the property still exist as at common law, and this marital right of *usufruct* can be sold on execution during their joint lives in satisfaction of the husband's debts. *Hillis* v. *Fisher*, 144 N. Y. 306, and cases there cited.

But these decisions, on account of the difference in their interpretation of statutes protecting married women's property against their husband's debts, can have no force in Maryland.

In other States of the Union, where there are similar statutes protecting the wife's property from the husband's debts, which have been construed as to their force and effect as was done by this Court in the cases of *Clark* v. *Wooten* and *McCubbin* v. *Stanford*, it has been almost uniformly held that such a judgment had no effect upon the property and no execution under it would lie. *In re Benson*, 16 Nat. Bankr. Reg. 377 (1878); *Chandler* v. *Cheney*, 37 Ind. 391; *Bruce* v. *Nicholson*, 109 N. C. 205; *Almond* v. *Bonnell*, 76 Ill. 536; *Vinton* v. *Beamer*, 55 Mich. 559; *Corinth* v. *Emory*, 63 Ver. 505.

It is apparent that if the husband were dead at this time the judgment creditor would have no rights against the property, and the wife could convey the same absolutely discharged from any judgment against her husband. It is certainly well settled that if the judgment creditor possesses a lien against property the death of the judgment debtor after the lien has once attached, will in no wise affect it. It is therefore apparent that the judgment creditor has no lien against the property at this time; otherwise the death of the judgment debtor would destroy the lien, and that, too, in a case where his estate was not a life estate, but was an entire estate; because it is well settled that in estates by entireties the survivor takes the property not because of his survivorship, but because he already was seized of the entire estate. *Brewer* v. *Bowersox*, 92 Md. 573; *Corinth* v. *Emory*, 63 Ver. 505.

BRISCOE, J., delivered the opinion of the Court.

It is admitted that the only question presented on the record

in this case is whether a husband and wife, holding property as tenants by the entireties, can give to a purchaser of the property a good and merchantable title, as will enable them to enforce specific performance against the purchaser, free and clear of an outstanding judgment against the husband.    In other words whether the husband's interest in case of tenancy by the entirety can be subjected to the claims of his creditors during the life of the wife, and whether the right of execution is suspended during the life of the wife but enforceable on her death.

The facts are undisputed and the question arises upon a bill in equity filed by the husband and wife against the purchaser, asking for the specific performance of a contract of sale, dated 16th of October, 1906, for the purchase of certain leasehold property, situate in Baltimore City, held by the husband and wife as tenants by entireties.

The defendant by his answer admits the allegations of the bill to be true, but denies the relief asked by the bill upon the ground that on the 24th day of June, 1903, a certain August Strauff obtained in the Court of Common Pleas of Baltimore City a judgment against George A. Reynolds, one of the plaintiffs in the case, for the sum of $950, and this judgment is still unpaid and unsatisfied.    That the judgment is a lien upon the property described in the contract of sale, and that the title to the property, in consequence thereof, is not good and marketable as the contract of sale required it to be.    And for this reason he refused to pay the purchase price and accept a deed.

The case was heard on bill, answer and exhibits and from a decree requiring the defendant to comply with the contract of sale, this appeal has been taken.

The character of an estate held by tenancy by entireties, similar to the one here in controversy, has been settled by numerous decisions of this Court.

In *McCubbin* v. *Stanford*, 85 Md. 380, where land was owned by a husband and wife as tenants by entireties and was mortgaged by the husband to secure his debts, it was held, upon

foreclosure proceeding, that since one tenant by entireties cannot alien the property so as to infringe the rights of the other, the mortgage by the husband could not affect the rights of his wife, and under the Constitution, Art. 3, sec. 43, declaring the property of the wife shall be protected from the debts of the husband, the purchaser of the husband's interest is not entitled to possession of the property as against the wife, because her undivided entirety of interest in it would thereby be destroyed and she would be deprived of the protection given her by the Constitution.

In *Clark* v. *Wooten*, 63 Md. 113, where a judgment was obtained by husband and wife against a railway company, it was held that the judgment could not be attached for a debt due by the husband, being exempt from execution in virtue of sec. 43 of Art. 3 of the Constitution, which provides that the property of the wife shall be protected from the debts of the husband.

And in *Brewer* v. *Bowersox*, 92 Md. 572, it is said after a review of the cases upon the subject: "It is not because a conveyance or gift is made to husband and wife as joint tenants that the estate by the entireties arises, but it is because a conveyance or gift is made to two persons who are husband and wife; and since in the contemplation of the common law they are but one person they take and can only take, not by moieties, but the entirety. The marital relation with its common law unity of two persons in one, gives rise to this peculiar estate, when a conveyance or gift is made to them without restrictive or qualifying words; and they hold as tenants by the entirety, not because they are declared to so hold, but because they are husband and wife. This estate with its incidents continues in Maryland as it existed at the common law. It differs materially from all other tenancies. The right of survivorship, which is one of its chief incidents, can not be destroyed except by the joint act of the two; and upon the death of either the other succeeds to the entire property or fund."

Applying the principles enunciated in these cases, we cannot see how the judgment in this case can be regarded in any

legal sense as a lien upon the property in question, during the life of the wife.

The law is well settled in this State that judgments create liens only because the land is made liable by statute to be seized and sold on execution. A judgment creditor stands in the place of his debtor and he can only take the property of his debtor subject to the charges to which it was justly liable in the hands of the debtor at the time of the rendition of the judgment. *Valentine* v. *Seiss*, 79 Md. 187; *Morton* v. *Grafflin*, 68 Md. 545; *Hartsock* v. *Russell*, 52 Md. 619.

An execution is a lien on personal property only because the personal property can be sold in satisfaction of the execution. *Eschbach* v. *Pitts*, 6 Md. 71; *Hanson* v. *Barnes*, 3 G. & J. 359; *Harris* v. *Alcock*, 10 G. & J. 226.

It seems therefore to be clear both upon reason and authority that the judgment in this case is not a lien upon the property, in the lifetime of the wife. There is nothing that can be seized and sold under an execution upon the judgment. Property held by this tenure cannot be sold without the joinder of the wife, *McCubbin* v. *Stanford, supra*, and the judgment creditor can acquire no greater rights than those possessed by the judgment debtor. *Valentine* v. *Seiss, supra; Clark* v. *Wooten, supra; Marburg* v. *Cole*, 49 Md. 402; *Samarzevosky* v. *City Pass. Co.*, 88 Md. 479.

The case of *Corinth* v. *Emory*, 63 Vt. 505, is directly in point. In that case, it was held that a husband has no interest in either the fee or the usufruct of real estate deeded to himself and wife jointly which can be taken in execution for his sole debts. In *Almond* v. *Bonnell*, 76 Ill. 537, it was held, where land is held by husband and wife as tenants by the entirety, as at the common law, the sale of the same on execution against the husband, followed by a Sheriff's deed, will fail to pass any title whatever.

The case of *Chandler* v. *Cheney*, 37 Indiana, 391, is an express decision on this point. The Court said, there can be no partition between tenants by the entireties, while such an estate exists, no interest in it can be sold on execution

for the debts of the husband or wife. From the nature of the estate and the legal relation of the parties, there must be unity of estate, unity of possession, unity of control and unity in conveying or encumbering it. A mortgage upon such an estate executed by the husband alone is void.

There is a class of cases interpreting the statutes and legislation, in some of the States, which hold that the husband has a right to mortgage his interest which is a right to the use of an undivided half of the estate during the joint lives and to the fee in case he survived his wife and by the foreclosure and sale, the plaintiff acquired this interest and became a tenant in common with the wife, subject to her right of survivorship.

These cases, however, are in direct conflict with the decisions of our own State, and are against the weight of authority upon this question.

The result of a decision according to the appellant's contention, would practically destroy the wife's estate and turn her entirety into a joint tenancy or tenancy in common with the purchaser, under either a mortgage sale, or a sale under an execution, on a judgment.

An insuperable objection to the position urged by the appellant, here is the provision of our Constitution (sec. 43, Art. 3), which declares that the property of the wife shall be protected from the debts of the husband. If the judgment creditor possesses a lien against this property, he could collect the debt by an execution, take away the wife's property without her consent, and thereby destroy the nature of the estate as it now stands.

To hold the judgment to be a lien at all against this property, and the right of execution suspended during the life of the wife, and to be enforced on the death of the wife, would we think likewise encumber her estate, and be in contravention of the constitutional provision heretofore mentioned, protecting the wife's property from the husband's debts.

It is clear, we think, if the judgment here is declared a lien, but suspended during the life of the wife and not enforceable

until her death, if the husband should survive the wife, it will defeat the sale here made, by the husband and wife to the purchaser, and thereby make the wife's property liable for the debts of her husband.

In *Logan* v. *McGill*, 8 Md. 469, it was held, in the state of the law at that date, that the Act of 1841, ch. 161, does not destroy the tenancy of the curtesy, but suspends the right of execution during the life of the wife leaving the judgment lien perfect on the life estate of the husband, to be enforced on the death of the wife. But the tenancy by the curtesy no longer exists in this State by reason of subsequent legislation, and a statutory life estate has been substituted for the common law tenancy by the curtesy. *Snyder* v. *Jones*, 99 Md. 696.

We have been referred to no case in this State and none can be found, where it has been held that a judgment such as the one here sought to be enforced, has been declared to be a lien upon an estate possessing the qualities and character, incident to an estate by the entireties.

In *Vinton* v. *Beamer*, 55 Mich. 561, it is said, In an estate by the entirety the husband and wife take the same estate, the same interest and it cannot be separated. The right of the one is the right of the other. Neither can by a separate transfer affect the rights of the other or his own. What would defeat the interest of one would also defeat that of the other.

We, therefore, hold according to the spirit and policy of our law, that the judgment creditor has no lien upon the property conveyed by the appellee to the appellant, in this case.

There being no lien under the judgment, the purchaser will take a good and valid title by the joint deed of husband and wife.

The decree requiring the specific performance of the contract of sale, will be affirmed.

*Decree affirmed with costs.*