# GUSTAV C. HERTZ *v.* WILLIAM A. MILLS.
## [No. 30, January Term, 1934.]

*Decided April 3rd, 1934.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Robert H. McNeill* and *S. Wallace Dempsey,* with whom was *F. Bernard Welsh* on the brief, for the appellant.

*George P. Hoover* and *Robert Peter, Jr.,* for the appellees.

Urner, J., delivered the opinion of the Court.

On November 11th, 1931, William A. Mills and Ada W. Mills, his wife, owning certain real estate in Montgomery County, as tenants by the entireties, conveyed the property to William K. Copenhaver, who immediately reconveyed it to Mrs. Mills, thereby investing her with the sole ownership of the title. There was at that time pending in the Supreme Court of the District of Columbia a suit against Mr. Mills, in which the plaintiff later obtained a judgment for $15,000. Thereafter this equity suit was instituted by the judgment creditor, in the Circuit Court for Montgomery County, for the purpose of enforcing his claim against the property transferred by the conveyances just mentioned. The bill of complaint alleges that those transfers of title were made without consideration and with the fraudulent design to prevent the judgment creditor from resorting to the property for the satisfaction of his claim, in the event that the judgment debtor should survive his wife as cotenant by the entirety. It is not proposed by the bill that the deeds by which the property was conveyed to Mrs. Mills separately should be annulled. The specific object of the suit is to have the title decreed to be held in trust by her for the benefit of the plaintiff in consequence of her participation in transfers alleged to have been in fraud of his rights. A

demurrer to the bill was sustained by the chancellor, and the plaintiff has appealed.

The title of the defendant husband and wife as tenants by the entireties, as stated in the bill of complaint, was acquired in 1922. It is averred by the bill that the purchase price for the property was paid wholly by the husband, and that he caused the title to be conveyed to himself and his wife in order to shield himself against future debts. But, as no such objection appears to have been raised by any subsisting creditor within three years after the tenancy by entireties was created, it is now too late to question that transaction on the ground that it involved a gift by the husband to the wife of an interest in the property.

It is provided by the Code of Public General Laws, art. 45, sec. 1: "The property, real and personal, belonging to a woman at the time of her marriage, and all the property which she may acquire or receive after her marriage, by purchase, gift, grant, devise, bequest, descent, in the course of distribution, by her own skill, labor or personal exertions, or in any other manner, shall be protected from the debts of the husband, and not in any way be liable for the payment thereof; provided, that no acquisition of property passing to the wife from the husband after coverture shall be valid if the same has been made or granted to her in prejudice of the rights of his subsisting creditors, who, however, must assert their claims within three years after the acquisition of the property by the wife, or be absolutely barred, and, for the purpose of asserting their rights under this section, claims of creditors of the husband not yet due and matured shall be considered as due and matured."

Upon the case as presented by the bill of complaint and in the argument, the question is not whether the plaintiff, as a subsisting creditor of the husband, when the conveyances of November 11th, 1931, vested the title solely in his wife, could have those transfers set aside and the title reinvested in the husband and wife as tenants by the entireties, but we are to determine whether the alleged motive for the transfer

to the wife was a sufficient basis for an adjudication that the property has become impressed with a trust for the plaintiff's benefit. For the effectuation of such a trust, it is prayed in the bill that the wife be required to convey the property to a commissioner appointed by the court to sell it and pay the plaintiff's judgment out of the proceeds.

It is argued, on behalf of the appellant, that, the conveyance to Copenhaver and by him to Mrs. Mills being for the alleged purpose of preventing the enforcement of the impending judgment as against the interest of Mr. Mills in the property if he should survive his wife, their former tenancy by the entireties is not susceptible of restoration, but has been forfeited and lost. To support that contention, the appellant invokes the principle that equity will not aid one who has transferred property for a fraudulent purpose, to recover it from the other party to the fraud, but will leave them in the position in which they have placed themselves by their own improper conduct. That principle is applied as between the parties to a fraudulent transaction. *Harrison v. Harrison*, 160 Md. 378, 384, 153 A. 58; *Lord v. Smith*, 109 Md. 42, 71 A. 430; *Baxter v. Deneen*, 98 Md. 181, 57 A. 601; *Brown v. Reiley*, 72 Md. 489, 20 A. 239; *Snyder v. Snyder*, 51 Md. 80; *Schuman v. Peddicord*, 50 Md. 560; *Roman v. Mali*, 42 Md. 513; 10 R. C. L. 353. The proposal here is to apply the principle in favor of a creditor who was not a party to the conveyances in question, and who is not concerned with any effort to have them rescinded, but who is relying upon them as the supposed origin of a greater right than he had before their execution. In our opinion, such a position is not tenable.

Even if the appellant's judgment had been obtained before those conveyances, and had been rendered in Montgomery County, where the property held by the judgment debtor and his wife as tenants by the entireties is located, the existence of such a judgment would not have imposed a lien upon the husband's interest nor have impaired the ability of the owners to dispose of the property and convey an unincum-

bered title. *Jordan v. Reynolds,* 105 Md. 288, 66 A. 37; *Ades v. Caplin,* 132 Md. 66, 103 A. 94; *Annapolis Banking & Trust Co. v. Neilson,* 164 Md. 8, 164 A. 157. The essential nature of an estate by the entireties precludes the recognition of any burden upon it resulting from the separate act or obligation of either of the co-owners. To regard a judgment against one of them as a lien upon his or her interest in such an estate would be in derogation of the entirety of title with which each is invested. In *Jordan v. Reynolds, supra,* where a suit for specific performance of a contract for the sale of land held by husband and wife as tenants by the entireties was resisted upon the ground that a judgment previously entered against the husband affected the title, this court, after a review of earlier Maryland and other cases said: "It seems, therefore, to be clear, both upon reason and authority, that the judgment in this case is not a lien upon the property, in the lifetime of the wife. There is nothing that can be seized and sold under an execution upon the judgment. Property held by this tenure cannot be sold without the joinder of the wife (*McCubbin v. Stanford, supra* [85 Md. 380, 37 A. 214]), and the judgment creditor can acquire no greater rights than those possessed by the judgment debtor. *Valentine v. Seiss, supra* [79 Md. 187, 28 A. 892]; *Clark v. Woolton, supra* [63 Md. 113]; *Marburg v. Cole,* 49 Md. 402, 33 Am. Rep. 266; *Samarzevosky v. City Pass. Co.,* 88 Md. 479, 42 A. 206. * * * The result of a decision according to the appellant's contention would practically destroy the wife's estate and turn her entirety into a joint tenancy or tenancy in common with the purchaser, under either a mortgage sale, or a sale under an execution, on a judgment. * * * To hold the judgment to be a lien at all against this property, and the right of execution suspended during the life of the wife, and to be enforced on the death of the wife, would, we think, likewise incumber her estate, and be in contravention of the constitutional provision heretofore mentioned, protecting the wife's property from the husband's debts. It is clear, we think, if the judgment here is declared

a lien, but suspended during the life of the wife, and not enforceable until her death, if the husband should survive the wife, it will defeat the sale here made by the husband and wife to the purchaser, and thereby make the wife's property liable for the debts of her husband. * * * There being no lien under the judgment, the purchaser will take a good and valid title by the joint deed of husband and wife."

In *Ades v. Caplin, supra,* a judgment against husband and wife, having been nullified as to the husband by bankruptcy proceedings against him within four months after its rendition, was considered as if rendered against the wife alone, when an attempt was made to enforce it against property in which she was interested as a tenant by the entirety. In approving the injunction which restrained the sale of the property under execution on the judgment, the opinion, by Judge Pattison, said (pages 69, 70, of 132 Md., 103 A. 94, 95): "Tenants by the entireties are, in the contemplation of the common law, which is the law of this state, but one person, and hence they take, not by moieties, but the entirety. They are each seised of the entirety, and the survivor takes the whole. *Marburg v. Cole,* 49 Md. 411. The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain to the survivor. The husband cannot convey, incumber or at all prejudice such estate to any greater extent than if it rested in the wife exclusively in her own right. He has no such estate as he can dispose of to the prejudice of the wife's estate. The unity of the husband and wife as one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly. * * * The judgment when entered against the husband and wife in this case became a general lien upon the interests of both in the leasehold property held by them as tenants by the entirety, subject, however, to be defeated, as an entirety, by the provisions of the federal statute, upon the filing of a petition in bankruptcy against either the husband or wife, followed by the adjudication of him or her as a bankrupt. The judgment when entered, being against both the

husband and wife, was an entirety, and it would have so remained had not the petition in bankruptcy been filed within the time stated, or its validity successfully assailed because in some way wrongfully obtained. Had it so remained, an execution could have issued thereon, and the property held by them as tenants by the entirety sold under the writ. *Frey v. McGaw,* 127 Md. 23, 95 A. 960. But upon the filing of the aforesaid petition within the period mentioned above, the lien of the judgment, so far at least as the right of the husband in the estate by entirety was concerned, was struck down by the provisions of the federal act, the effect of which was practically the same as if the judgment had been recovered against the wife alone, in which case the said leasehold property could not have been sold during the lifetime of the husband, if at all, under an execution issued on such judgment."

In *Annapolis Banking & Trust Co. v. Neilson, supra,* it was said, in the opinion by Judge Offutt (page 9 of 164 Md., 164 A. 157, 158): "It has long been the settled law of this state that property held by husband and wife as tenants by the entireties cannot be taken to satisfy the several and separate debts of either tenant. *Wolf v. Johnson,* 157 Md. 112, 145 A. 363; *McCubbin v. Stanford,* 85 Md. 390, 37 A. 214; *Marburg v. Cole,* 49 Md. 402. That was the rule at common law. 2 *Bl. Com.* 182; *Co. Litt.* 187; *Cruise's Digest,* 492; 1 *Prest. Estates* 131, 132; *Tiffany, Real Property,* sec 194; and notwithstanding the disappearance of the hypothetical unity of husband and wife as the result of statutory changes, the rule itself in this state remains unchanged and unimpaired."

The case of *American Wholesale Corporation v. Aronstein,* 56 App. D. C. 126, 10 Fed. (2nd) 991, is closely analogous to the case now being determined. That was an unsuccessful suit to annul certain transfers by a husband to his wife of property which had been conveyed to them as tenants by the entireties for a consideration which he alone was alleged to have paid. It was charged by the plaintiffs, as judgment creditors of the husband, that the conveyances to the wife

were in fraud of their rights. The Court of Appeals of the District of Columbia, in an opinion by Chief Judge Martin, said [page 992 of 10 Fed. (2nd)] : "At the time when the original conveyance was made to Aronstein and his wife, the former was solvent, and moreover the claims of the appellants against him were not then in existence. Accordingly the appellants cannot attack that conveyance. As to the conveyance subsequently made by Aronstein to his wife, the estate was held by them as tenants by the entireties, and the appellants were not entitled to subject the separate interest of Aronstein to the payment of their claims. His conveyance to his wife accordingly could not hinder or delay them in the collection of their judgments."

The appellants rely strongly upon the case of *Tyler v. United States,* 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991. The question in that case was whether a wife surviving her husband acquired by reason of his predecease an interest, which could be subjected to an estate tax, in the property held by them as tenants by the entireties during the husband's lifetime. In discussing that question the opinion by Mr. Justice Sutherland said (281 U. S. 503, 50 S. Ct. 356, 359, 74 L. Ed. 998) : "According to the amiable fiction of the common law, adhered to in Pennsylvania and Maryland, husband and wife are but one person, and the point made is that, by the death of one party to this unit, no interest in property held by them as tenants by the entirety passes to the other. This view, when applied to a taxing act, seems quite unsubstantial. The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. Whether that power has been properly exercised in the present instance must be determined by the actual results brought about by the death, rather than by a consideration of the artificial rules which delimit the title, rights, and powers of tenants by the entirety at common law." In deciding that a taxable interest in property held by the entireties passed to the wife in consequence of her survivorship, the Supreme Court applied a principle which we are unable to consider appropriate to the wholly different question

now presented. The problem in this case relates to opposing theories of right and interest as between living tenants by the entireties and a creditor endeavoring to enforce a liability which one of the co-owners separately incurred.

The specific question for determination is whether, in view of the fact that the plaintiff's claim was not enforceable against his debtor's existing interest in property held by the entireties, the transfer of the property to the sole ownership of the debtor's wife, for the purpose alleged in the bill of complaint, could properly be made the ground of a decree, as proposed by the plaintiff, impressing a trust upon the entire title, and providing for its sale to satisfy his demand. It is our conclusion that such a decree would not be justifiable, and we concur in the chancellor's ruling to that effect.

*Order affirmed, with costs.*