**HERTZ v. MILLS et al.**
No. 2295.

District Court, D. Maryland.
May 21, 1935.

Arthur L. Jackson, of Baltimore, Md., and R. H. McNeill, of Washington, D. C., for plaintiff.

George P. Hoover, of Washington, D. C., and Raymond S. Williams, of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit in equity brought by the plaintiff as a judgment creditor of one of the defendants, for the purpose of impressing a trust upon certain property of this defendant for the benefit of the plaintiff in order to satisfy his judgment.

Defendants filed separate motions to dismiss the bill of complaint and thereafter embodied these motions and pleas in bar in a joint and several answer, filed pursuant to Equity Rule 29 (28 USCA following section 723).

The material facts are as follows: The defendants William A. Mills and Ada W. Mills, his wife, owned certain real estate in Montgomery county, Md., as tenants by the entireties, which, on November 11, 1931, they conveyed to the third defendant, William K. Copenhaver, who immediately reconveyed the property to Mrs. Mills, thereby vesting the sole title in her. At that time there was pending in the Supreme Court of the District of Columbia a suit against Mr. Mills in which Gustav Hertz, the plaintiff in the present proceeding, later obtained a judgment for $15,000. Thereafter an equity suit was instituted by the plaintiff in the circuit court for Montgomery county, Md., for the purpose of enforcing his claim against the property transferred by the conveyances above explained. The bill of complaint in this equity suit alleged that these transfers were made without consideration and with the fraudulent intent of preventing the plaintiff from resorting to the property for the satisfaction of his judgment, in the event that Mr. Mills, the judgment debtor, might survive his wife as cotenant by the entirety. In this suit in the county court it was not proposed by the bill that the deeds, by which the property was conveyed by defendant Copenhaver to Mrs. Mills separately, should be annulled, the specific object of that suit being to have the title in her or-

dered conveyed to a Commissioner, to be held in trust for the benefit of the plaintiff, because of Mrs. Mills' participation in transfers alleged to have been in fraud of plaintiff's rights. The county court sustained a demurrer to the bill from which the plaintiff appealed and the lower court was affirmed. Hertz v. Mills, 166 Md. 492, 171 A. 709.

In its opinion the Court of Appeals of Maryland said, 166 Md. 492, page 494, 171 A. 709, 710: "Upon the case as presented by the bill of complaint and in the argument, the question is not whether the plaintiff, as a subsisting creditor of the husband, when the conveyances of November 11, 1931, vested the title solely in his wife, could have those transfers set aside and the title reinvested in the husband and wife as tenants by the entireties, but we are to determine whether the alleged motive for the transfer to the wife was a sufficient basis for an adjudication that the property has become impressed with a trust for the plaintiff's benefit. For the effectuation of such a trust it is prayed in the bill that the wife be required to convey the property to a commissioner appointed by the court to sell it and pay the plaintiff's judgment out of the proceeds.

"It is argued, on behalf of the appellant, that, the conveyance to Copenhaver and by him to Mrs. Mills being for the alleged purpose of preventing the enforcement of the impending judgment, as against the interest of Mr. Mills in the property if he should survive his wife, their former tenancy by the entireties is not susceptible of restoration, but has been forfeited and lost. To support that contention, the appellant invokes the principle that equity will not aid one who has transferred property, for a fraudulent purpose, to recover it from the other party to the fraud, but will leave them in the position in which they have placed themselves by their own improper conduct. That principle is applied as between the parties to a fraudulent transaction. Harrison v. Harrison, 160 Md. 378, 384, 153 A. 58; Lord v. Smith, 109 Md. 42, 71 A. 430; Baxter v. Deneen, 98 Md. 181, 57 A. 601, 64 L. R. A. 949, 1 Ann. Cas. 147; Brown v. Reilly, 72 Md. 489, 20 A. 239; Snyder v. Snyder, 51 Md. [77] 80; Schuman v. Peddicord, 50 Md. 560; Roman v. Mali, 42 Md. 513; 10 R. C. L. 353. The proposal here is to apply the principle in favor of a creditor who was not a party to the conveyances in question, and who is

not concerned with any effort to have them rescinded, but who is relying upon them as the supposed origin of a greater right than he had before their execution. In our opinion, such a position is not tenable."

After a review of various authorities interpreting the nature of a tenancy by the entirety, the court continued, 166 Md. 492, pages 498, 499, 171 A. 709, 712: "The case of American Wholesale Corporation v. Aronstein, 56 App. D. C. 126, 10 F.(2d) 991, is closely analogous to the case now being determined. That was an unsuccessful suit to annul certain transfers by a husband to his wife of property which had been conveyed to them as tenants by the entireties for a consideration which he alone was alleged to have paid. It was charged by the plaintiffs, as judgment creditors of the husband, that the conveyances to the wife were in fraud of their rights. The Court of Appeals of the District of Columbia, in an opinion by Chief Judge Martin, said (page 992 of 10 F.(2d): 'At the time when the original conveyance was made to Aronstein and his wife, the former was solvent, and moreover the claims of the appellants against him were not then in existence. Accordingly the appellants cannot attack that conveyance. As to the conveyance subsequently made by Aronstein to his wife, the estate was held by them as tenants by the entireties, and the appellants were not entitled to subject the separate interest of Aronstein to the payment of their claims. His conveyance to his wife accordingly could not hinder or delay them in the collection of their judgments.'" Then the court, after determining that the case of Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, upon which the plaintiff, the judgment creditor, strongly relied, was not pertinent, concluded, 166 Md. 492, page 500, 171 A. 709, 713:

"The problem in this case relates to opposing theories of right and interest as between living tenants by the entireties and a creditor endeavoring to enforce a liability which one of the co-owners separately incurred.

"The specific question for determination is whether, in view of the fact that the plaintiff's claim was not enforceable against his debtor's existing interest in property held by the entireties, the transfer of the property to the sole ownership of the debtor's wife, for the purpose alleged in the bill of complaint, could properly be made

the ground of a decree, as proposed by the plaintiff, impressing a trust upon the entire title, and providing for its sale to satisfy his demand. It is our conclusion that such a decree would not be justifiable, and we concur in the chancellor's ruling to that effect."

■ In the present suit the parties are precisely the same as those in the suit in the state courts, which we have just analyzed. And so are the facts, except that whereas in the former suit, the plaintiff's bill sought to impress a trust upon the property, and to require Mrs. Mills to convey it to a commissioner to be appointed by the court, that he might sell the property and apply the proceeds in payment of the plaintiff's judgment, in the present suit the plaintiff, seeking the same result, asks that the deed from defendant Copenhaver to Mrs. Mills be declared void, and that the property be trusteed in the hands of Copenhaver for the benefit of both Mr. and Mrs. Mills as tenants in common, so that their interest might then be subjected to the satisfaction of plaintiff's judgment.

We consider that there is no real difference in substance between the relief sought in the Maryland Court of Appeals, which was denied, and in the relief now asked for by plaintiff, and that, therefore, the matter is res adjudicata. What are the elements necessary to constitute res adjudicata has been repeatedly stated in various forms by the Supreme Court, and it is unnecessary to go into any lengthy consideration of these cases. Suffice it to say that, as pointed out in Grubb v. Public Utilities Commission, 281 U. S. 470, 478, 479, 50 S. Ct. 374, 378, 74 L. Ed. 972, the rule is "that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 319, 47 S. Ct. 600, 71 L. Ed. 1069; United States v. Moser, 266 U. S. 236, 241, 45 S. Ct. 66, 69 L. Ed. 262; Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195." See, also, Tait v. Western Maryland Ry. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405, and Larsen v. Northland Transportation Co., 292 U. S. 20, 54 S. Ct. 584, 78 L. Ed. 1096.

■ In addition to the fact that the doctrine of res adjudicata is a bar to the present suit, it is proper to consider whether plaintiff's bill must also fail because plaintiff may be said to have waived any further claim to reach the property in question, because of his election to adopt the remedy that he did adopt in the state court. The doctrine of waiver by election of remedies applies if there exist the three following things: First, two or more coexisting remedies between which there is a right of election; second, inconsistency as to such available remedies; and, third, the actual bringing of an action or doing some other decisive act, with knowledge of the facts, whereby the party electing indicates his choice between such inconsistent remedies. Peters v. Bain, 133 U. S. 670, 695, 10 S. Ct. 354, 33 L. Ed. 696; United States v. Dunn, 268 U. S. 121, 135, 45 S. Ct. 451, 69 L. Ed. 876; Abercrombie v. United Light & Power Co. (D. C.) 7 F.Supp. 530. All three of these prerequisites exist here because, first, the plaintiff might have sought, originally, regardless of ultimate success, to have had the property trusteed in the hands of defendant Copenhaver in place of in the hands of Mrs. Mills; second, these two methods are inconsistent, in that in the first suit the deed from Copenhaver to Mrs. Mills is treated as valid and subsisting, whereas the present suit is based upon the claim that this deed is void; and, third, there has been a clear indication of choice on the part of plaintiff by electing the method pursued in the state courts. However, the defense of election of remedies must be pleaded in order to be available, and it has not been pleaded. World's Fair Mining Co. v. Powers, 224 U. S. 173, 32 S. Ct. 453, 56 L. Ed. 717; Henderson Tire & Rubber Co. v. Gregory (C. C. A.) 16 F.(2d) 589, 49 A. L. R. 1503. Therefore, the decision in the present suit is not rested upon this ground, but upon the ground of res adjudicata.

Accordingly, the motions to dismiss the bill of complaint must be granted.